Margaret E. TIBBETTS, Appellant,

v.

Michael GAGLIARDI, M.D., Robert Stephen Grayson, D.O., Turuvekere H. Jayaram, M.D., Kirit K. Pandya, M.D., and Kirit K. Pandya, M.D., P.A., Appellees.

No. 14–98–00843–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 9, 1999.

Rehearing Overruled Oct. 28, 1999.

Les Weisbrod, William Arthur Newman, Dallas, for appellants.

David J. McTaggart, Dion C. Ramos, David Wayne Clawater, Houston, for appellees.

Panel consists of Justices YATES, MAURICE E. AMIDEI, and WITTIG.

## OPINION

DON WITTIG, Justice.

Margaret E. Tibbetts (Appellant) brought this action against Michael Gagliardi, M.D., Robert Stephn Grayson, D.O., Turuvekere H. Jayaram, M.D., Kirit K Pandya, M.D., and Kirit K. Pandya, M.D., P.A. (individually or collectively as Appellees) for medical malpractice. On Appellees' respective motions to dismiss, the trial court dismissed Appellant's action because of her failure to comply with section 13.01(d) of article 4590i. *See* Tex.Rev. Civ. Stats. Ann. art. 4590i, § 13.01(d), (e)(3) (Vernon Pamph.1999). On appeal to this Court, Appellant presents two issues, contending that the trial court erred in (1) dismissing her claims for failing to file adequate expert reports and for failing to timely file expert reports, and (2) awarding attorneys' fees to Appellees. We affirm in part, reverse and remand in part, and reverse and render in part.

### Background

When Appellant filed her original petition, she named Dr. Gagliardi and Dr. Grayson as defendants. Thereafter, Appellant filed a first amended petition and second amended petition, adding Dr. Jayaram and Dr. Pandya as defendants.

By statute, the 180–day deadline for filing expert reports to support her claims against Dr. Gagliardi and Dr. Grayson expired on February 25, 1997. However, on November 11, 1996, Dr. Grayson executed a Rule 11 agreement extending Appellant's deadline for filing an expert report to July 7, 1997. On May 16, 1997, Dr. Jayaram also executed a Rule 11 agreement extending Appellant's deadline for filing an expert report to July 7, 1997, the same extension date agreed to by Dr. Grayson. These two Rule 11 agreements did not affect any filing deadlines relative to Appellant's claims against Dr. Gagliardi and Dr. Pandya.

Subsequently, Dr. Grayson and Dr. Gagliardi filed a notice of "stay" because their professional liability carrier was placed in receivership by the Texas Commissioner of Insurance by an order dated April 1, 1997. The notice of stay provides that "all proceedings in which an impaired insurer is a party or is obligated to defend a party in any court in this state ... **shall be stayed for six months and any additional time thereafter as may be determined by the court from the date . . . .**"

In April 1998, Appellees filed respective motions to dismiss Appellant's action because of her failure to file expert reports in compliance with section 13.01(d) of article 4590i. Appellant responded by asserting that she filed two expert reports relative to her claims against Dr. Gagliardi and Dr. Pandya; she contended that the two reports complied with section 13.01(d) of article 4590i. Alternatively, Appellant responded that if the expert reports were inadequate, it was not due to "conscious indifference."

Appellant responded to the motions to dismiss filed by Dr. Grayson and Dr. Jayaram by contending that the deadline to file expert reports to support her claims against these two doctors did not lapse because of the "stay order" and the respective Rule 11 agreements. Further, relying on section 13.01(g) of article 4590i, Appellant moved the trial court for additional time to file expert reports to support her claims against Dr. Grayson and Dr. Jayaram.

However, the trial court denied Appellant's request, granted Appellees' respective motions and dismissed Appellant's claims with prejudice. The trial court also awarded reasonable attorneys' fees to Appellees.

### Analysis

*Dr. Gagliardi and Dr. Pandya*

Dr. Gagliardi and Dr. Pandya filed their respective motions to dismiss, asserting that the expert reports filed by Appellant were inadequate because they did not comply with the definition of "expert report."

The trial court granted both motions. Appellant contends that the trial court abused its discretion by finding the expert reports were inadequate and in finding that Appellant's counsel did not make a "good faith" effort to comply with the definition of "expert report."

Section 13.01(d) of article 4590i provides the following:

(d) Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or healthcare provider.

TEX.REV.CIV. STATS. ANN. art. 4590i, § 13.01(d) (Vernon Pamph.1999). If a report is filed, section 13.01(*l*) states:

(*l*) A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the definition of an expert report in Subsection (r)(6) of this section.

. . .

(r)(6) "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationships between that failure and the injury, harm, or damages claimed.

*Id.* at § 13.01(*l*), (r)(6).

Appellant's respective expert reports consist of two letters authored by her counsel, printed on law firm letterhead. The two letters are addressed to a New York doctor, Dr. Selwyn Z. Freed, dated November 25, 1996, and October 21, 1997, respectively. The substance of the two letters is identical. The opening paragraph states that the laws of Texas require an expert report to support a medical malpractice claim be filed within a certain number of days after such claim is filed. In the two letters, Dr. Freed is asked to respond to two questions, concerning whether Dr. Gagliardi and Dr. Pandya, respectively, were "negligent in his care and treatment" of Appellant, to wit: "Based on the definitions [of negligence and ordinary care], was Dr. Gagliardi [and Dr. Pandya] negligent in his care and treatment of Margaret Tibbets." Following the question, there is a blank line for Dr. Freed to indicate either "yes" or "no." Dr. Freed, or someone, marked "yes" on each letter for each defendant doctor. The same format was followed concerning a question about proximate cause. Apparently, Dr. Freed indicated "yes," concerning whether Dr. Gagliardi's and Dr. Pandya's negligence was the proximate cause of Appellant's damages. The two letters conclude by stating, "Because of the rather short time we have in which to file this letter report with the court, I would appreciate your checking the above blanks in accordance with your opinion and faxing it back to this office." The letters are signed by Appellant's counsel, only.

Other than being addressed to Dr. Freed, these purported "expert reports" provide no proof that Dr. Freed is the person who responded to the questions. Even assuming that Dr. Freed is the person who responded to the questions, the two letters completely fail to satisfy the definition on an "expert report." They fail to provide: (1) a fair summary of opinions concerning applicable medical standard of care; (2) a fair summary of opinions describing the manner in which the care rendered failed to meet any applicable standards; and (3) a fair summary of the expert's opinions concerning the causal relationships between the failure and the

injury, harm or damages claimed. *See* Tex.Rev.Civ. Stats. Ann. art. 4590i, § 13.01(r)(6) (Vernon Pamph.1999). Therefore, we find that the trial court was correct in finding that these two letters are not "expert reports" as that term is defined by section 13.01(r)(6) of article 4590i. *See id.*

■ Appellant asserts that even if the two letters are insufficient to constitute "expert reports," she nevertheless made a "good faith" effort to comply with section 13.01 of article 4590i when she filed the two letters. The trial court is required to grant a motion challenging the adequacy of an expert report if it appears to the court that the report does not represent a good faith effort to comply with the definition of an "expert report." *Id.* at § 13.01(*l*). Appellant relies upon her counsel's affidavit in support of her good faith effort. Appellant's counsel states that at the time she filed the expert reports, "it was an oversight on my part not to notice the definition of 'expert report.' I was not consciously indifferent with regard to these reports."

Section 13.01(a)(3) requires that an expert report be filed to support a medical malpractice claim. Tex.Rev.Civ. Stats. Ann. art. 4590i, § 13.01(a)(3) (Vernon Pamph.1999). In addition, section 13.01(r)(6) of this *same* statute specifically defines "expert report." *Id.* at § 13.01(r)(6). Appellant's counsel even cited the statute on the cover sheet attached to the reports she filed.

■ The statement that she was not consciously indifferent is a merely a conclusion and provides no evidence of a "good faith" effort. *See Clark v. University of Houston,* 979 S.W.2d 707, 711 (Tex.

App.-Houston [14 th Dist.] 1998, no pet.). Likewise, her statement that she did not act in bad faith is conclusory. *See id.* Counsel's affidavit establishes that she failed to read the statute carefully, or not at all, because the statute, cited on the cover letters attached to the letters, specifically defines "expert report" and provides what the report must contain. Dr. Gagliardi's counsel even extended the professional courtesy of explicitly informing Appellant's trial counsel by letter of January 29, 1997, that the so-called expert report was wholly inadequate under the statute.[1] We find no abuse of discretion; the trial court did not act unreasonably or arbitrarily in finding Appellant's counsel failed to make a good faith effort to comply with the definition of "expert report."

We overrule Appellant's issues concerning the trial court's decision to dismiss her respective claims against Dr. Gagliardi and Dr. Pandya.

### Dr. Grayson and Dr. Jayaram

■ Prior to the expiration of the original 180–day deadline, Dr. Grayson and Dr. Jayaram executed respective Rule 11 agreements, extending Appellant's 180–day deadline to file expert reports to July 7, 1997. A "stay" was imposed on Appellant's claims on April 1, 1997, because Dr. Grayson's professional liability insurance carrier was placed in receivership. Thus, the agreed deadline in the two Rule 11 agreements expired during the period of the stay. Thereafter, both Dr. Grayson and Dr. Jayaram filed motions to dismiss, contending that Appellant failed to timely file expert reports to support her claims against them. The trial court granted both motions.

---

1. The purported expert reports filed by Appellant did not even conform to common usage outside of article 4590i (or other specific rules, e.g., Tex.R. Civ. P. 194.2(f)). Within the legal profession, an expert medical report might contain a medical history, diagnosis, prognosis, or opinions and impressions, to include causation. Appellant's "check the blanks" form, falls well short even of the situation described in *Horsley–Layman v. S.M. Angeles, M.D.,* 968 S.W.2d 533, 535–36 (Tex. App.-Texarkana 1998, no pet.). Appellant's cryptic report is also incorrectly focused upon legal standards rather than medical standards.

Appellant maintains that the "stay" caused by the insurance company receivership was in effect until February 19, 1998, when the trial court entered its new scheduling order. She contends that she was entitled to an additional period of time to file expert reports to support her claims against Dr. Grayson and Jayaram after the stay was lifted on February 19, 1998.

We note that the Texas Insurance Code mandates an automatic stay on proceedings when an insurance company is placed in receivership. *See* TEX. INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.1999); *Burrhus v. M & S Mach. & Supply Co., Inc.*, 897 S.W.2d 871, 873–74 (Tex.App.-San Antonio 1995, no writ); *Willard v. Davis*, 881 S.W.2d 907, 911 (Tex.App.-Fort Worth 1994, orig. proceeding). Specifically, the code provides the following:

> *All proceedings* in which an impaired insured is a party or is obligated to defend a party in any court in this state, except proceedings directly related to the receivership or instituted by the receiver, *shall be stayed for six months and any additional time thereafter as may be determined by the court* from the designation of impairment....

TEX. INS.CODE ANN. art 21.28–C, § 17 (Vernon Supp.1999) (emphasis added). A stay under this provision of Insurance Code is analogous to a bankruptcy stay. *Burrhus*, 897 S.W.2d. at 872. An automatic bankruptcy stay prohibits the beginning or continuing of any judicial actions or proceedings against the debtor during the pendency of bankruptcy proceedings. *See* 11 U.S.C. § 362(a)(1) (West 1993 & Supp. 1999).

The stay applied to Appellant's action against Dr. Grayson because his professional liability carrier was placed in receivership during the pendency of Appellant's malpractice action. Regardless of whether the stay specifically applied to Appellant's action against Dr. Jayaram, an issue we do not decide, in his Rule 11 agreement, he nevertheless agreed to suspend the expert report deadline until the stay was lifted.

By statute, the stay was effective for at least six months and any additional time thereafter as may be determined by the court from the date the stay was ordered. *See* TEX. INS.CODE ANN. art 21.28–C, § 17 (Vernon Supp.1999). Dr. Grayson and Dr. Jayaram, respectively, contend that the stay lifted on October 1, 1997, six months after the date the stay was ordered, April 1, 1997. However, there is nothing in the record before this Court to indicate that the stay was lifted on October 1, 1997. The record is devoid of any judicial order lifting the stay. To the contrary, the record reveals Dr. Pandya's trial counsel, speaking as all counsel must, as an officer of the court, wrote a letter to Appellant's trial counsel stating the stay was extended until February 19, 1998. Similarly, the trial court's docket sheets contain a notation stating that the stay was lifted on February 18, 1998. Further, the trial court entered a new scheduling order in this case on February 19, 1998, strongly suggesting that the court determined that for the purposes of Appellant's malpractice action, the stay was lifted on that date. *See* TEX. INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.1999). Because the Insurance Code stays "all [judicial] proceedings" during the pendency of a stay order, Appellant was not required to file export reports during such period of abeyance. *See id.*

■ Section 13.01(g) provides that "if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court *shall grant a grace period of 30 days* to permit the claimant to comply with that subsection." TEX.REV.CIV. STATS. ANN. art. 4590i, § 13.01(g) (Vernon Pamph.1999) (emphasis added). Because the record before us reveals both a stay order in effect until sometime in February 1998, coupled with the Rule 11 agreements extending the

deadlines to file the necessary expert reports, we conclude that Appellant's failure to file expert reports was not the result of intentional conduct nor conscious indifference. Additional time should have been granted to Appellant to comply with Subsection (d) of Section 13.01. Thus, we find that the trial court abused its discretion in dismissing Appellant's claims against Dr. Grayson and Dr. Jayaram. *See Seckers v. Ocean Chemicals, Inc.,* 845 S.W.2d 317, 318 (Tex.App.-Houston [1 st Dist.] 1992, no writ). We sustain Appellant's issues relating to the trial court's dismissal of her claims against Dr. Grayson and Dr. Jayaram.

### Attorneys' Fees and Court Costs

■ The trial court entered four separate orders of dismissal in this case pertaining to each Appellee. Except for the order of dismissal pertaining to Dr. Pandya, the trial court ordered Appellant to pay "reasonable attorney's fees" and "costs of court" incurred by Dr. Gagliardi, Dr. Grayson, and Dr. Jayaram, respectively. No dollar amount is specified in the orders of dismissal. Appellant contends that in addition to that error, there was no testimony, no affidavits, no billing records, nor anything else in the record to support an award of attorneys' fees. We agree.

■ A party may not recover attorneys' fees from an opposing party unless expressly permitted by statute or contract between the parties. *See Travelers Indem. Co. v. Mayfield,* 923 S.W.2d 590, 593 (Tex.1996). Section 13.01(e)(1) of article 4590i mandates that, upon a plaintiff's failure to comply with section 13.01(d), the trial court shall award the successful defendant reasonable attorneys' fees and costs of court. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(d), (e)(1) (Vernon Pamph.1999); *see also Estrello v. Elboar,* 965 S.W.2d 754, 759 (Tex.App.-Fort Worth 1998, no pet.). However, nothing in section 13.01(e) modifies the general rule that a party seeking attorneys' fees must present evidence of attorneys' fees. *See gener-*

*ally* Tex. Disciplinary R. Prof'l Conduct 1.04, *reprinted,* Tex. Gov't Code Ann. tit. 2, subtit. G app. A (Vernon Supp.1999) (Tex. State Bar R. art. X, § 9); *Estrello,* 965 S.W.2d at 759.

Appellees had every opportunity to present evidence of attorneys' fees and court costs before the trial court closed the evidentiary portion of the hearing and made its ruling. Further, Texas Rule of Civil Procedure 270 allows a trial court to permit additional evidence to be offered at any time when it clearly appears to be necessary to the due administration of justice. Tex.R. Civ. P. 270. Nonetheless, Appellees failed to present any evidence of attorneys' fees and court costs even though it was their motion and hearing.

Accordingly, we conclude that the trial court erred in awarding attorneys' fees in this case. *See Estrello,* 965 S.W.2d at 759. This is especially true concerning the award of attorneys' fees to Dr. Grayson and Dr. Jayaram because of our holding that Appellant's actions against them should not have been dismissed. We reverse the award of attorneys' fees in this case and render that Appellees take nothing on their claim for attorneys' fees. Thus, we sustain Appellant's issue concerning the award of attorneys' fees to Dr. Gagliardi, Dr. Grayson, and Dr. Jayaram.

The trial court's judgment dismissing Appellant's claims against Dr. Gagliardi and Dr. Pandya is affirmed. The trial court's judgment dismissing Appellant's claims against Dr. Grayson and Dr. Jayaram is reversed, and as to Dr. Grayson and Dr. Jayaram, this matter is remanded to the trial court for further proceedings. The trial court's judgment awarding attorneys' fees to Dr. Gagliardi, Dr. Grayson and Dr. Jayaram is reversed, and we render a take-nothing judgment on their respective claims for attorneys' fees.