No. 04-00-00844-CV



San Juana DE LEON,


Appellant



v.



Raul VELA, M.D.,


Appellee



From the 341st Judicial District Court, Webb County, Texas


Trial Court No. 2000-CVT-000159-D3


Honorable Elma T. Salinas-Ender, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Karen Angelini, Justice


Delivered and Filed: November 28, 2001


AFFIRMED IN PART, REVERSED AND RENDERED IN PART

 San Juana De Leon appeals the trial court's order dismissing her health care liability claim
against Dr. Raul Vela. On appeal, we must consider whether: (1) De Leon's expert report is
sufficient to satisfy the requirements of the Medical Liability and Insurance Improvement Act of
Texas (Article 4590i); (2) the trial court erroneously denied De Leon an extension of time to file a
supplemental expert report; and (3) the trial court erroneously awarded attorney's fees and costs to
Vela. We hold that the report is insufficient and the trial court did not err in denying De Leon an
extension of time to file a supplemental expert report. The trial court's order is affirmed as to these
issues. Further, we hold that the trial court erred in awarding Vela attorney's fees and costs. We
therefore reverse the award and render judgment that Vela take nothing for attorney's fees and costs.


Factual & Procedural Background
De Leon sought Vela's medical expertise regarding a small lump on her body in September
1994. Vela determined that De Leon's condition required surgery and proceeded to perform
approximately 13 surgeries over the next five years to treat it. Following De Leon's final surgery,
she visited a physician in San Antonio to obtain a second opinion regarding her condition. This
physician diagnosed De Leon as having lipomas and fibrocystic disease, conditions which are not
customarily treated with surgery. (1) Upon her discovery, De Leon filed a health care liability claim
against Vela alleging that he performed unnecessary surgeries that left her body mutilated and left
her emotionally depressed. (2) 

 On August 7, 2000, De Leon served Vela with a copy of a report by Dr. Robert Treviño, an
internal medicine and critical care medicine specialist at the San Antonio Institute of Medicine,
detailing his assessment of De Leon. After receiving Treviño's report, Vela challenged the
sufficiency of the report under Article 4590i and moved to dismiss De Leon's action on September
21, 2000. Six days later, De Leon responded by filing a motion to extend the time to file her expert's
report, attaching an affidavit from Treviño explaining that if his first report did not comply with
Article 4590i, it was due to his lack of awareness of the requirements of the statute. Treviño's
supplemental report was not filed until October 23, 2000. 

 After hearing the arguments, the court entered its order dismissing De Leon's action with
prejudice. The court awarded Vela sanctions against De Leon for reasonable attorney's fees and
costs incurred in the amount of $3,296.50. It is from these rulings that De Leon appeals. On appeal,
De Leon argues that the trial court: (1) erred in granting Vela's motion to dismiss; (2) erred in
denying her motion for an extension of time to file a supplemental expert report; and (3) erred in
awarding attorney's fees and costs to Vela.

Standard of Review

 We apply an abuse of discretion standard when reviewing a dismissal under section 13.01
of Article 4590i, reversing only if the trial court acts unreasonably or arbitrarily. American
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001); Morrill v. Third
Coast Emergency Physicians, P.A., 32 S.W.3d 324, 327 (Tex. App.-- San Antonio 2000, pet.
denied). A trial court will be deemed to have acted arbitrarily and unreasonably if it is demonstrated
that the trial court could have reached only one decision. Morrill, 32 S.W.3d at 327. We may not
disturb the trial court's resolution of factual issues, even if we would have decided the issues
differently. Id. 

Discussion

Article 4590i

 According to Article 4590i section 13.01(d), a health care liability claimant is required to
provide a defendant physician with an expert report and the expert's curriculum vitae within 180
days of filing suit. Tex. Rev. Civ. Stat. Ann. art. 4509i §13.01(d) (Vernon Supp. 2001). If the
claimant files his report timely, the defendant may move to challenge the adequacy of the claimant's
report. Id. at §13.01(l). The trial court must grant the defendant's motion if it determines that the
report does not represent a "good faith" effort on the part of the claimant to comply with section
13.01(r)(6)'s definition of an expert report. Id. Section 13.01(r)(6) defines an expert report as a: 

written report by an expert that provides a fair summary of the expert's opinions as
of the date of the report regarding applicable standards of care, the manner in which
the care rendered by the physician or health care provider failed to meet the
standards, and the causal relationship between that failure and the injury, harm, or
damages claimed. Id. at §13.01(r)(6). The trial court must dismiss with prejudice the claims against the defendant who
has challenged the report if the requirements of section 13.01(r)(6) are not met and the time for filing
a report has passed. Id. at §13.01(e); Palacios, 46 S.W.3d at 877.

Treviño's Report

 Here, De Leon had to file her expert's report by August 14, 2000 to comply with section
13.01(d)'s 180 day filing requirement. De Leon filed her first expert report and curriculum vitae
on August 7, 2000. In so filing, De Leon initially complied with section 13.01(d). Therefore, we
consider whether the report De Leon filed satisfies section 13.01(r)(6)'s definition of an "expert
report." 

 Pursuant to sections 13.01(l) and 13.01(r)(6), an expert report must represent only a "good
faith" effort to provide a fair summary of the expert's opinions to qualify as an expert report under
the statute. Palacios, 46 S.W.3d at 878. The report need not formally organize all of the plaintiff's
proof, but it is imperative that it include the expert's opinion on each of the elements set forth within
the statute. Id. 

In setting out the expert's opinions on each of those elements, the
report must provide enough information to fulfill two purposes if it
is to constitute a good faith effort. First, the report must inform the
defendant of the specific conduct the plaintiff has called into
question. Second, and equally important, the report must provide a
basis for the trial court to conclude that the claims have merit. 


Id. at 879. If the report merely states the expert's conclusions about the statutory elements, it will
not fulfill either of these two purposes. Id. Similarly, "a report will not meet these purposes and
thus constitute a good faith effort if it omits any of the statutory requirements." Id. The trial court
is limited to the four corners of the document when conducting its inquiry into the sufficiency of the
report. Id. at 878. 

 In this case, Dr. Treviño's original report states as follows:

 I saw Mrs. De Leon, a 51y/o Latin American female, in my office on 10/4/99
with the chief complaint of severe pain to multiple surgical sites. She also presented
with signs and symptoms of depression because of the body mutilation caused by the
multiple surgeries.


 On examination, her vital signs were B/P 114/78, P 67, T 97.1 and WT. 157
lbs. She was in no acute distress. Her integuments showed multiple scars to the
chest, breast, and abdomen and the surgical sites were tender on palpation and with
gross deformity because of queloide scarring. The heart and lung were normal but
the abdomen was tender on palpation again because of the tender surgical sites. Rest
of her physical examination was normal.


Previous records were reviewed from Dr. Raul Vela and all laboratory tests were
normal and the pathology from the multiple breast surgeries was fibrocystic disease
and the pathology from the multiple body surgeries was lipomas.


ASSESSMENT: 1) Intractable pain secondary to surgery related neuromas.


 2) Depression secondary to surgery related body deformity.


My assessment, after reviewing the patient's medical records, is that so many
surgeries were not indicated and that these unnecessary surgeries contributed to the
patient's current condition.


 In her first three points of error, De Leon contends that this report is sufficient to comply with
the statutory requirements of Article 4590i because it puts Vela on notice that the surgeries he
performed were unnecessary, resulted in her body's mutilation, caused her severe pain, and put her
into a depression. Moreover, De Leon argues that the trial court should have considered her report
in the context of her pleadings and the affidavit she attached to her motion for an extension of time
to file a supplemental expert report. Had the trial court done so, De Leon believes that the court
would have concluded that Treviño's original report was sufficient to comply with Article 4590i.
We disagree.

 As set forth in Palacios, an expert report must include the expert's opinion on each of the
elements within Article 4590i with sufficient specificity to serve the dual purposes of informing the
defendant of the conduct the plaintiff has called into question and providing the trial court with a
basis to conclude that the claims have merit. Palacios, 46 S.W.3d at 879. Here, Treviño's original
report neither states his opinion on the applicable standard of care, nor whether there was a breach
of that standard. Treviño merely states that "so many surgeries were not indicated" and
"unnecessary," but fails to indicate what the acceptable standard of care was for a patient in De
Leon's position. Treviño implies that he knows the standard of care De Leon was entitled to and
concludes that Vela failed to meet that level of care. In turn,Treviño's failure to set forth what the
applicable standard of care was makes it impossible for us to determine whether the standard of care
De Leon was entitled to was ever breached. Because Treviño's report omits two of the three
statutory elements that Palacios states must be included within an expert report, the trial court did
not err in holding that Treviño's report was inadequate for Article 4590i purposes. See id. at 878-79.
 

 Alternatively, De Leon argues that if Treviño's original report does not satisfy Article 4590i's
requirements, the trial court erred by not reading it in conjunction with her initial pleadings and
Treviño's affidavit dated September 27, 2000. If the trial court had done so, De Leon contends then
the court would have determined that Treviño's report complied with the requirements of Article
4590i. We find this argument without merit. The trial court is limited to the four corners of the
document when conducting its analysis under Article 4590i. Id. at 878. Therefore, the trial court
could not consider De Leon's pleadings or Treviño's affidavit when it conducted its inquiry because
these documents were not contained within the four corners of the original expert report. De Leon's
first three points of error are overruled. (3)

Time Extensions


 In De Leon's fourth point of error, she contends that the trial court erred in denying her
motion for an extension of time to file a supplemental expert report because she was entitled to an
extension of time under both sections 13.01(f) and 13.01(g). See Tex. Rev. Civ. Stat. Ann. art.
4509i §§ 13.01(f), (g) (Vernon Supp. 2001). Section 13.01(d) requires a medical malpractice
plaintiff to provide a defendant physician with an expert report and the expert's curriculum vitae
within 180 days of filing suit. Id. at §13.01(d). The statute provides for two exceptions to this 180-day filing deadline. Section 13.01(f) provides that the trial court may extend the time period in
section 13.01(d) for an additional 30 days for "good cause." Id. at § 13.01(f). By contrast, section
13.01(g) provides that after a hearing, the trial court must grant a grace period of 30 days to permit
a claimant to comply with section 13.01(d) where the claimant's initial failure to comply with that
section was not "intentional" or the result of "conscious indifference," but rather the result of
accident or mistake. Id. at §13.01(g). 

 Here, De Leon had to file her expert's report by August 14, 2000 to comply with section
13.01(d)'s 180 day filing requirement. De Leon filed her first expert report on August 7, 2000. In
so filing, De Leon initially complied with section 13.01(d). However, because the report itself was
inadequate for Article 4590i purposes, we must determine whether De Leon was entitled to an
extension of time to cure the defects within Treviño's first expert report. We conclude that she was
not entitled to an extension under either section 13.01(f) or 13.01(g).Section 13.01(f): De Leon contends that she was entitled to a section 13.01(f) extension for "good cause"
because of her expert's mistaken belief that his report complied with the requirements of Article
4590i. Even if we assume that De Leon was entitled to an extension for this reason, section 13.01(f)
could not provide her with relief in this instance. An extension under section 13.01(f) allows a party
to furnish an expert report no later than 210 days after the filing of the lawsuit. Tex. Rev. Civ.
Stat. Ann. art. 4590i § 13.01(f); Whitworth v. Blumenthal, No. 05-97-01691-CV, 2001 WL
1256440, at *3 (Tex. App. Dallas Oct. 22, 2001, no pet. h.). Here, De Leon did not file a report
complying with the requirements of the statute during this 210-day period. Moreover, De Leon did
not even seek relief under section 13.01(f) until approximately 226 days after she filed suit. (4)
Therefore, we cannot hold that the trial court erroneously denied De Leon a section 13.01(f)
extension.


Section 13.01(g) With respect to section 13.01(g), the plaintiff, as movant, has the burden to show some
excuse of accident or mistake to establish that she did not act "intentionally" or with "conscious
indifference." Id. Courts which have interpreted section 13.01(g) have held that "[s]ome excuse,
but not necessarily a good excuse, is enough to warrant an extension of time to file the expert report,
so long as the act or omission causing the failure to file the report was, in fact, accidental." Nguyen
v. Kim, 3 S.W.3d 146,152 (Tex. App.-- Houston [14th Dist.] 1999, no pet.); Wood v. Tice, 988
S.W.2d 829, 832 (Tex. App.-- San Antonio 1999, pet. denied). In the context of section 13.01(g),
an accident or mistake is characterized by a person's inadequate knowledge of the facts or an
unexpected happening that precludes compliance with the statute. Nguyen, 3 S.W.3d at 152. For
example, "calendaring errors" may establish accident or mistake. Id. By contrast, if a person fails
to take "some action which would seem indicated to a person of reasonable sensibilities under
similar circumstances," a conscious indifference may be established. Id. For purposes of
determining whether there was an intentional or conscious indifference under section 13.01(g), the
court shall focus on "the knowledge and acts of the claimant or her attorney." Tex. Rev. Civ. Stat.
Ann. art. 4509i §13.01(g) (Vernon Supp. 2001).

 De Leon argues that Vela presented no evidence to controvert her expert's mistaken belief 

that his report complied with the requirements of Article 4590i. In support of her argument, De Leon
cites language from Horsley-Layman v. Angeles: 

[u]nless the nonmovant specifically controverts the evidence
presented by the movant regarding a mistaken belief, the movant
prevails on the issue of mistake and the statutory provision allowing
an extension of time is satisfied.


Horsley-Layman v. Angeles, 968 S.W.2d 533, 536 (Tex. App.--Texarkana 1998, no pet.). De Leon's
argument, however, is unpersuasive for two reasons. First, in the context of section 13.01(g), an
accident or mistake is characterized by a person's inadequate knowledge of the facts or an
unexpected happening that precludes compliance with the statute. See Nguyen, 3 S.W.3d at 152.
Here, Treviño's report fails to qualify as an expert report under Article 4590i for reasons other than
these. De Leon cannot argue that Treviño was unfamiliar with all of the facts regarding De Leon or
her condition because he personally examined De Leon and her medical records. Similarly, De Leon
cannot argue "unexpected happening" because nothing in the record indicates that something
unexpected happened to Treviño, De Leon, or her attorney which might have prevented the drafting
of an adequate Article 4590i report. 

 Second, De Leon's argument is unpersuasive because it ignores the fact that the court is
confined to only "the knowledge and acts of the claimant or her attorney" when determining whether
there was an intentional or conscious indifference under section 13.01(g). Tex. Rev. Civ. Stat.
Ann. art. 4509i § 13.01(g) (Vernon Supp. 2001). De Leon argues that the reason Treviño's original
report failed to comply with Article 4590i is because Treviño was not personally aware of the
requirements of the statute. Treviño's acts, however, are of no importance to the court for its section
13.01(g) analysis because he was neither the claimant nor an attorney in this case, but rather was the
claimant's expert. Accordingly, the trial court did not err in denying De Leon an extension of time
under either section 13.01(f) or 13.01(g).

Attorney's Fees 


 In her sixth point of error, De Leon argues that the trial court erroneously awarded attorney's
fees and costs to Vela. A party is entitled to recover attorney's fees from the opposing party if it is
expressly permitted by statute or by contract between the parties. Tibbetts v. Gagliardi, 2 S.W.3d
659, 665 (Tex. App.-- Houston [14th Dist.] 1999, pet. denied). For example, under Article 4590i
section 13.01(e), if a health care liability claimant does not provide the defendant physician with an
expert report and the expert's curriculum vitae within 180 days of filing suit, the trial court must
award the successful defendant reasonable attorney's fees and costs. Tex. Rev. Civ. Stat. Ann. art.
4590i § 13.01(e) (Vernon Supp. 2001). However, nothing in section 13.01(e) modifies the general
rule that the party seeking attorney's fees must present evidence of such fees to be entitled to their
award. Tibbetts, 2 S.W.3d at 665.

 Here, Treviño's original report was not an "expert report" within the meaning of Article
4590i because it failed to address two out of the three statutory elements every expert report must
address. As a result of the document's deficiencies, De Leon did not provide Vela with a report that
satisfied the requirements of Article 4590i within 180 days of her filing suit. Accordingly, the trial
court was within its discretion to award Vela attorney's fees and costs under section 13.01(e).
However, nothing in the record supports an award of attorney's fees or costs in this instance. Vela
failed to provide testimony, affidavits, billing records, or anything else that would support the trial
court awarding him $3,296.50 for attorney's fees and costs. See Tibbetts, 2 S.W.3d at 665. Vela
had every opportunity to present evidence of his fees and costs before the trial court made its ruling,
but failed to do so. For this reason, we conclude that the trial court erroneously awarded Vela
attorney's fees and costs in the amount of $3,296.50. Therefore, we reverse the trial court's award
of attorney's fees and costs and render judgment that Vela take nothing on his claim for such
sanctions.





Conclusion


 Based on the foregoing, we need not address De Leon's remaining arguments. The trial
court's order is affirmed in part and reversed and rendered in part. We reverse the trial court's award
of attorney's fees and costs to Vela and render judgment that Vela take nothing on his claim for such
sanctions. We affirm the trial court's order in all other aspects.


 Catherine Stone, Justice

PUBLISH
1. Webster's Dictionary defines lipoma as a tumor of fatty tissue and defines fibrocystic as being characterized
by the presence or development of fibrous tissues and cysts. Webster's Ninth New Collegiate Dictionary 459, 696
(9th ed. 1991).
2. De Leon filed this action on February 14, 2000.
3. Treviño's affidavit cannot be considered as an expert report because it was not filed within 180 days of De
Leon filing suit. The final day for filing an expert report in this case was August 14, 2000. De Leon did not file
Treviño's affidavit until September 27, 2000, well after the deadline for filing an expert report had passed.
4. De Leon filed her motion for an extension of time on September 27, 2000.