# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-02-00544-CV

---

**Julia F. Hernandez, Appellant**

**v.**

**Veronica K. Piziak, M.D. and Scott & White Memorial Foundation d/b/a Scott & White Memorial Hospital, Appellees**

---

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 183,231-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Julia F. Hernandez appeals the district court=s dismissal of a medical malpractice lawsuit against Veronica K. Piziak, M.D. and Scott & White Memorial Foundation d/b/a Scott & White Memorial Hospital (Aappellees@).  In two issues, Ms. Hernandez contends that the district court abused its discretion in failing to grant her an extension of time to file a supplemental expert report and then in dismissing her suit.  For the reasons that follow, we affirm the district court=s judgment.

## BACKGROUND

As a result of taking the drug Rezulin in 1997 and 1998 as prescribed for diabetes by Dr. Piziak, Ms. Hernandez suffered adverse effects. She initially sued Warner Lambert, the manufacturer of Rezulin. That suit was removed to federal court and transferred to the multidistrict litigation pending in the Southern District of New York. She then filed this medical malpractice lawsuit in October 2000 against Dr. Piziak and Scott & White. On April 27, 2001, in support of her allegations and to comply with statutory requirements, Ms. Hernandez=s attorney filed an expert report prepared by Dr. Robert M. Bernstein and dated March 8, 2001. *See* Texas Medical Liability and Insurance Improvement Act, Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(d)(1) (West Supp. 2003). The report states as follows:

> My opinion, based on reasonable medical probability, is that Ms. Hernandez= treatment was below the standard of care regarding appropriate monitoring of liver function studies during the time Ms. Hernandez was taking Rezulin. The reason for this opinion is that the manufacturer=s published recommendations regarding liver function monitoring during Rezulin therapy were not met. This opinion assumes that the manufacturer=s published recommendations were in fact received by Dr. Priziak [sic] at the time they were published and disseminated.
>
> It is also noteworthy that Ms. Hernandez had had chronically abnormal liver function studies since at least 1987, and the diagnosis of chronic hepatitis C was not made until late 1998, after Rezulin therapy had been discontinued.

The report makes no mention of Scott & White.

On March 21, 2002, appellees filed a motion to dismiss, asserting that Ms. Hernandez failed to comply with the Aexpert report@ requirements of section 13.01 of article 4590i. Specifically, the appellees argued that the report was deficient because it did not state with sufficient specificity: the standard of care the appellees were required to meet; the manner in which the care rendered failed to meet that

standard; and the causal relationship between any such failure to meet that standard and the injury, harm, and damages claimed by Ms. Hernandez.

On March 22, 2002, the court clerk notified the parties that the case was to be dismissed for want of prosecution. In response to the district court=s notice, Ms. Hernandez filed a Motion to Retain, advising the court of the multidistrict litigation and requesting that the case be retained on the court=s docket or, in the alternative, that the case be abated. After a hearing on April 5 on all parties= motions, the district court granted appellees= motion to dismiss. Ms. Hernandez appeals the dismissal, raising two issues: whether the district court abused its discretion in refusing to grant Ms. Hernandez an extension of time to cure the inadequacy of Dr. Bernstein=s expert report, and whether appellees waived their right to complain about the adequacy of the report by delaying the filing of their motion to dismiss.

## TIME EXTENSIONS

Ms. Hernandez first argues that the trial court erred in denying her motion for an extension of time under section 13.01(g), because the uncontroverted evidence establishes that the failure to file a complying report was neither intentional nor the result of conscious indifference. We disagree.

The Texas Medical Liability and Insurance Improvement Act sets forth explicit requirementsCas to substance and timingCfor the filing of expert reports. Within one hundred and eighty days after filing a health care liability claim, a claimant Amust provide counsel for each physician or health care provider one or more expert reports.@ Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(d)(1) (West Supp. 2003). In this context, an expert report means

> a written report by an expert that provides a fair summary of the expert=s opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id.* ' 13.01(r)(6).

If the claimant fails to comply with the 180-day deadline or to seek an extension of time to file, after a hearing the court must grant a grace period of 30 days under section 13.01(g) upon a showing that the claimant or claimant=s attorney has some excuse of accident or mistake, establishing Athat the failure . . . was not intentional or the result of conscious indifference.@ *Id.* ' 13.01(g). In the context of section 13.01(g), an accident or mistake is characterized by a person=s inadequate knowledge of the facts or an Aunexpected happening that precludes compliance with the statute.@ *De Leon v. Vela*, 70 S.W.3d 194, 201 (Tex. App.CSan Antonio 2001, pet. denied). We review the trial court=s ruling on a motion for extension of time to file a complying report under an abuse of discretion standard. *American Transitional Care Ctrs. of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001).

By filing her report on April 27, 2001, Ms. Hernandez initially complied with the deadlines specified in section 13.01(d). However, because the report itself was inadequate, we must determine whether she was entitled to an extension of time to cure the defects in the initial report. Ms. Hernandez urges that her actions and those of her attorney

> were not intentional or the result of conscious indifference but were a good faith effort to meet the requirements of 4590i. If there are any deficiencies in the report regarding the causation and damages it was because of accident or mistake on the part of the Plaintiff=s

4

counsel and was not intentional or result of conscious indifference. It was only when Defendants moved for dismissal that Plaintiff=s counsel realized that Dr. Bernstein=s report was not specific on the issue of causation and damages.

Ms. Hernandez=s motion for extension of time stated: AIt appears, upon close review of Dr. Bernstein=s report, that it does not specifically mention causation and damages. Plaintiff=s counsel originally thought that it did as Dr. Bernstein was asked to address those issues.@ It went on to state that counsel, Awhile concentrating on the [multidistrict litigation] issues against the drug manufacturer,@ tried to comply with the report requirements of 4590i. Ms. Hernandez=s counsel testified at the April 5 hearing that he had Aseen thousands of [medical expert] reports@ and thought that Dr. Bernstein=s report was adequate when it was filed. He further testified that he did not look at the report again until the appellees filed their motion to dismiss. Upon his second review of the report, he Abelieve[d] that the court could rule that the issue of causation and damages is not specifically stated.@

We conclude that the district court did not abuse its discretion in concluding that Ms. Hernandez was not entitled to an extension under section 13.01(g). Neither Ms. Hernandez=s motion for extension of time nor the testimony of her counsel at the hearing establishes sufficient facts to demonstrate Ainadequate knowledge of the facts or an unexpected happening that precludes compliance with the statute.@ *De Leon*, 70 S.W.3d at 201. Ms. Hernandez=s counsel established only that he perhaps did not pay close enough attention to Dr. Bernstein=s report when he filed it. He made no showing of any inadequate knowledge or unexpected event. We conclude, therefore, that Ms. Hernandez failed to allege sufficient facts of accident or mistake that would require the district court to grant an extension under section

**5**

13.01(g). Accordingly, we hold that the district court did not abuse its discretion in denying Ms. Hernandez=s request for an extension of time to cure the inadequacy of Dr. Bernstein=s expert report. *Palacios*, 46 S.W.3d at 877.

## WAIVER

In her second issue, Ms. Hernandez contends that appellees waived their right to complain about the report by delaying the filing of their motion to dismiss until approximately three hundred days after Ms. Hernandez filed Dr. Bernstein=s report. Ms. Hernandez rests her argument on *Langley v. Jernigan* from our sister court in Waco. 76 S.W.3d 752, 757 (Tex. App.CWaco 2002, pet. filed). The facts in *Langley* are distinguishable. In *Langley*, the defendant had Aconsiderable involvement in discovery,@ filed a motion for summary judgment on an issue unrelated to the expert report, filed an amended answer that deleted a reference to the statutory inadequacy of the report, and then finally objected to the report 646 days after the lawsuit was filed. *Id.* at 757-58. The court held that defendant had waived his right to complain, concluding that defendant=s conduct Amisled Appellants, which worked an inequity on them.@ *Id.* at 758.

Unlike the defendant in *Langley*, appellees did nothing to mislead Ms. Hernandez into thinking that they would not challenge Dr. Bernstein=s report. Ms. Hernandez produced Dr. Bernstein=s report to appellees on April 27, 2001. Then, it appears from the record that little or no activity occurred in the case until March 21, 2002, when appellees filed their motion to dismiss on the grounds that Dr. Bernstein=s report was inadequate and the court placed the case on the dismissal docket.

In any event, other courts do not support the *Langley* holding. *See, e.g.*, *Kidd v. Brenham State Sch*., No. 14-01-00082-CV, slip op. at 5, 2002 Tex. App. LEXIS 5124, at *8-9 (Tex. App.CHouston [14th Dist.] July 18, 2002, pet. denied); *Gonzalez v. El Paso Hosp. Dist*., 68 S.W.3d 712, 717 (Tex. App.CEl Paso 2001, no pet.); *Chisholm v. Maron*, 63 S.W.3d 903, 908 (Tex. App.CAmarillo 2001, no pet.) (all holding that section 13.01 places no time limitation on challenging expert report). Accordingly, we hold that appellees did not waive their right to challenge the adequacy of Dr. Bernstein=s report and overrule Ms. Hernandez=s second issue.

We decline to address Ms. Hernandez=s constitutional challenges to article 4590i because Ms. Hernandez, in failing to raise the issues below, did not preserve the challenges for our review. *See* Tex. R. App. P. 33.1; *Texas Water Comm=n v. Brushy Creek Mun. Util. Dist.*, 917 S.W.2d 19, 23-24 (Tex. 1996) (to preserve a constitutional challenge for appeal, a party must raise the issue in the proceedings below). Even assuming that Ms. Hernandez properly preserved the issues, we have previously addressed them in *McGlothlin v. Cullington. See* 989 S.W.2d 449, 452-53 (Tex. App.CAustin 1999, pet. denied) (expert report requirements of article 4590i do not violate due process provisions of the United States and Texas Constitutions).

## CONCLUSION

We hold the district court acted within its discretion in dismissing the suit. We further hold the district court did not err in denying an extension of time in which to file a complying expert report because the motion requesting an extension failed to allege sufficient facts that the failure to file

a complying report was the result of Aan accident or mistake.@ Accordingly, we affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   February 6, 2003