

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00194-CV

Champe **CARTER**, Erin Bailey Carter, Paige Parker, and Melanie Parker,
Appellants

v.

Gregory Robert **BALL**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 15522
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Beth Watkins, Justice

Delivered and Filed: October 9, 2019

AFFIRMED

Appellants Champe Carter and Erin Bailey Carter (collectively, "the Carters") and Paige

Parker and Melanie Parker (collectively, "the Parkers") appeal the portion of the trial court's order

failing to award them attorney's fees, court costs, and sanctions after it granted their motions to

dismiss pursuant to the Texas Citizens Participation Act ("TCPA"). Appellee Gregory Robert Ball

contends, however, that the Carters and the Parkers waived that recovery by failing to present

evidence of their attorney's fees, court costs, and sanctions to the trial court. Ball also complains

in a cross-point that the trial court should have denied the Carters' and the Parkers' motions to dismiss. We affirm the trial court's order.

## BACKGROUND

Ball sued the Carters and the Parkers for defamation per se, business disparagement, invasion of privacy, and intentional infliction of emotional distress. He alleged that "one or more of the Defendants" told third parties that Ball had committed assault and sexual assault, was a sexual predator, and had exhibited violence against women. He also alleged that the defendants had created false online profiles in his name that they then used to disparage him.

The Carters filed a motion to dismiss Ball's claims pursuant to the TCPA, arguing that Ball's allegations implicated their exercise of the right of free speech. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. The TCPA defines "exercise of the right of free speech" as "a communication made in connection with a matter of public concern," and further defines "matter of public concern" as, *inter alia*, "an issue related to: (A) health or safety; [or] (B) environmental, economic, or community well-being." *Id.* at § 27.001(3), (7). The Carters argued that their alleged statements satisfied this definition because they "related to safety of women and individuals in the community." They argued that the TCPA mandated dismissal because: (a) Ball could not establish by clear and specific evidence a prima facie case for each essential element of any of his claims; and (b) Ball's defamation claim was barred by the statute of limitations. *Id.* at § 27.005. The Parkers later filed an additional motion to dismiss, which essentially repeated the Carters' arguments.

Ball responded to both motions, arguing: (a) the statute of limitations on his defamation claim had been tolled while his attorney was recovering from a serious injury; and (b) his defamation per se, business disparagement, and invasion of privacy claims were "clearly exempt

from the scope of the TCPA." He did not attach any evidence to his responses or provide more factual details about his claims.

On February 5, 2019, the trial court held a hearing on the motions to dismiss. During that hearing, Ball sought permission to present live testimony in support of his claims. The Carters and the Parkers argued, however, that the trial court was only permitted to consider pleadings and affidavits. The trial court agreed and denied Ball's request, stating, "[t]here's no testimony allowed at this hearing."[1] Ball then sought permission to submit an affidavit in support of his claims, but the Carters and the Parkers again objected, arguing that they had "spent a long time preparing for this [hearing] based upon the documents that were filed and of record, Your Honor. It's a completely different hearing if [Ball] has an affidavit." The court denied Ball's request to submit an additional affidavit, and announced that it would not allow either side "to submit anything further" in connection with the motions because the parties had not shown good cause to submit additional evidence.[2]

Even though the Carters and the Parkers had successfully urged the trial court to deny Ball's request to present additional evidence, at the end of the hearing they asked for permission to submit evidence of attorney's fees, court costs, and sanctions:

> **MR. MOSTY:** Well, the only thing I would ask, Your Honor, is there is a mandatory attorney's fees provision.
>
> **THE COURT:** There's a what?

---

[1] The TCPA requires the trial court to consider "pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based," but it does not expressly prohibit the consideration of additional evidence. TEX. CIV. PRAC. & REM. CODE ANN. § 27.006. While this court has previously noted that "[t]he trial court does not hear live testimony" during a TCPA hearing, other courts of appeals have held that a trial court may consider live testimony and documentary evidence in addition to pleadings and affidavits. *Compare Quintanilla v. West*, 534 S.W.3d 34, 42 (Tex. App.—San Antonio 2017, pet. granted), *rev'd on other grounds*, 573 S.W.3d 237 (Tex. 2019), *with Batra v. Covenant Health Sys.*, 562 S.W.3d 696, 707 (Tex. App.—Amarillo 2018, pet. denied) (live testimony at TCPA hearing is permitted "in determining whether to grant or deny" the motion), *and Ramsey v. Lynch*, No. 10-12-00198-CV, 2013 WL 1846886, at *3 (Tex. App.—Waco May 2, 2013, no pet.) (reviewing live testimony of attorney's fees offered during TCPA hearing).

[2] The TCPA permits a trial court to "allow specified and limited discovery relevant to the motion" upon a showing of good cause. TEX. CIV. PRAC. & REM. CODE § 27.006.

**MR. MOSTY:** Mandatory attorney's fees provision if you do dismiss the case. My clients have fought this now two times.[3] I would love to go into the facts about Mr. Ball like Mr. Chapman has, because you have heard barely one side of the story. And so the question that I have for the Court is, there is no provision as to how attorney's fees are to be submitted in the statute, whether it's by affidavit after the hearing, and some of the cases they remand for a second hearing. And so whether the Court would consider that, and if so, how that testimony—

**THE COURT:** I'm going to make my decisions based upon—everything I'm going to decide and everything pertaining to my rulings in this case as set forth on—is based upon what I have currently on file.

**MR. MOSTY:** Okay. So just for the record, you're denying any additional testimony on attorney's fees? And I don't mean to—I understand your ruling, I just want—

**THE COURT:** Well, the answer is yes.

**MR. MOSTY:** Okay.

**THE COURT:** But I don't know what—I don't—at this moment, this—this is a serious matter and I want to—I'm taking it seriously. And I—I'm just telling you that the decision I make will be based on what I have before me today.

**MR. MOSTY:** I understand.

The Carters and the Parkers did not present any affidavits in support of their claim for attorney's fees, court costs, and sanctions before or during the hearing. Nor did they attempt to make an offer of proof or file a bill of exception with evidence to establish the amounts.

After taking the matter under advisement, the trial court signed an order dismissing all of Ball's claims against the Carters and the Parkers pursuant to the TCPA. The trial court's order recites that there was no good cause shown to allow further evidence or affidavits to be submitted. It also notes that "[n]o attorney fees are awarded against [Ball] in favor of [the Carters and the Parkers] inasmuch as [the Carters and the Parkers] withdrew their requests for attorney fees at the

---

[3] The record does not show that these parties had engaged in any previous litigation under the TCPA. Attorney Mosty's statement appears to be a reference to previous proceedings between these parties under Texas Rule of Civil Procedure 202, which allows parties to seek authorization to take pre-suit depositions. TEX. R. CIV. P. 202.1.

hearing." The order is silent as to court costs and sanctions. None of the parties filed any post-judgment motions complaining of the trial court's refusal to hear additional evidence, asking the court to correct or modify its order, or explaining that they did not, in fact, withdraw their requests for attorney's fees. The Carters and the Parkers timely filed a notice of appeal, but Ball did not.

**ANALYSIS**

***Ball's Cross-Point Challenging the Trial Court's Dismissal Under the TCPA***

In a cross-point, Ball challenges the trial court's dismissal of his claims and asks us to vacate "the entire order of February 28, 2019" and remand this cause to allow "the defamation case against all Defendants [to] proceed in District Court." He also complains that the trial court abused its discretion by refusing to consider an affidavit he filed after the hearing.[4] Because these complaints seek to alter the trial court's order, Ball was required to file a notice of appeal. TEX. R. APP. P. 25.1(c); *Wiedenfeld v. Markgraf*, 534 S.W.3d 14, 16 (Tex. App.—San Antonio 2017, no pet.). He did not—indeed, his brief notes that he "ultimately chose not to appeal." As a result, we "may not grant [him] more favorable relief than did the trial court except for just cause." TEX. R. APP. P. 25.1(c); *see also* TEX. GOV'T CODE ANN. § 311.016(5) ("'May not' imposes a prohibition and is synonymous with 'shall not.'").

Ball cites unspecified "financial considerations" as the first of two reasons why he chose not to appeal the trial court's order of dismissal. However, he does not explain what those considerations are or why they might justify granting him more favorable relief than the trial court did. Ball then contends that he chose not to file his own notice of appeal because "the statute of

---

[4] While the trial court's order supports Ball's assertion that he submitted an evidentiary affidavit after the hearing, that affidavit does not appear in the appellate record. Instead, Ball attached it to his brief as an appendix. This court must decide cases based on the appellate record as filed, and may not consider documents attached as appendices to briefs. *See, e.g.*, *In re W.T.H.*, No. 04-16-00055-CV, 2017 WL 603649, at *1 n.1 (Tex. App.—San Antonio Feb. 15, 2017, no pet.); *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 283 n.8 (Tex. App.—San Antonio 2010, no pet.).

limitations had not run against" the defendant he identifies as "the primary offender" in allegedly defaming him. However, he does not explain why that assertion, even if true, constitutes just cause under Rule 25.1.

Because Ball has not explained why his proffered reasons for failing to file a notice of appeal constitute "just cause," the challenges he asserts to the trial court's order are not properly before this court. TEX. R. APP. P. 25.1(c), 38.1. Since we cannot consider his complaints, we affirm the trial court's order of dismissal. *See Dwairy v. Lopez*, 243 S.W.3d 710, 714 (Tex. App.—San Antonio 2007, no pet.).

### *The Carters' and the Parkers' Claims for Attorney's Fees, Court Costs, and Sanctions*

The Carters and the Parkers argue that because the trial court granted their motions to dismiss, the TCPA mandated an award of attorney's fees, court costs, and sanctions in their favor. Ball responds that the Carters and the Parkers waived the right to recover attorney's fees, court costs, and sanctions.

### *Standard of review*

This court reviews the amount of a trial court's award of attorney's fees and sanctions under the TCPA for abuse of discretion.[5] *See Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) (attorney's fees); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 232–33 (Tex. App.—Austin 2018, no pet.) (sanctions). However, error may not be predicated on a ruling excluding evidence unless the complaining party both objects to the trial court's ruling and informs the court

---

[5] The Carters and the Parkers characterize the denial of their request for attorney's fees, court costs, and sanctions as a partial denial of their motions to dismiss that is subject to de novo review. However, the right to dismissal and the right to attorney's fees, court costs, and sanctions are controlled by two different sections of the TCPA. *Compare* TEX. CIV. PRAC. & REM. CODE § 27.003, *with id.* at § 27.009. When a trial court grants a motion to dismiss pursuant to the TCPA—as it did here—the movant has received all of the relief to which he is entitled under section 27.003. *Paulsen v. Yarrell*, 455 S.W.3d 192, 195–96 (Tex. App.—Houston [1st Dist.] 2014, no pet.). As a result, a ruling denying a request for attorney's fees under section 27.009 does not constitute a denial of a motion to dismiss under section 27.003. *See id.*

of the substance of the evidence through an offer of proof or a bill of exception. TEX. R. EVID. 103(a)(2); TEX. R. APP. P. 33.1, 33.2; *In re L.L.*, 341 S.W.3d 22, 26 (Tex. App.—San Antonio 2010, no pet.). When an offer of proof or a bill of exception is required, failure to satisfy that step "waives any complaint about the excluded evidence on appeal." *Singh v. Payan*, No. 04-17-00111-CV, 2018 WL 4096402, at *3 (Tex. App.—San Antonio Aug. 29, 2018, no pet.) (internal quotation marks omitted).

### *Applicable law*

The version of the TCPA in place at the time of the hearing provided that a trial court **shall** award a successful movant:

> (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

> (2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions[.][6]

TEX. CIV. PRAC. & REM. CODE § 27.009(a). "'Statutes providing that a party . . . shall be awarded attorney fees are not discretionary.'" *Doades v. Syed*, 94 S.W.3d 664, 674 (Tex. App.—San Antonio 2002, no pet.) (quoting *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)) (internal quotation marks omitted). Nevertheless, "even a mandatory award of attorney's fees must be supported by evidence. '[T]o rule . . . without supporting evidence' constitutes an abuse of discretion." *Id.*; *see also De Leon v. Vela*, 70 S.W.3d 194, 201–02 (Tex. App.—San Antonio 2001, pet. denied). When "nothing in [a mandatory fee statute] modifies the general rule that the party seeking fees must present evidence of such fees to be entitled to their award," an award of fees in

---

[6] After the trial court signed its order in this case, the Legislature amended the TCPA to provide that a trial court may, but is not required to, award sanctions to a successful moving party. Act of May 17, 2019, 86th Leg., R.S., H.B. 2730, § 8, sec. 27.009(a)(2) (current version codified at TEX. CIV. PRAC. & REM. CODE § 27.009(a)(2)). This amendment took effect on September 1, 2019, and nothing in the statute indicates that the changes apply retroactively. In any event, however, none of the parties have argued that this amendment affects the disposition of this case.

the absence of evidence is reversible error. *De Leon*, 70 S.W.3d at 201–02 (citing *Tibbetts v. Gagliardi*, 2 S.W.3d 659, 665 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)). A trial court does not abuse its discretion by failing to award fees—even statutorily mandated fees—when a party does not meet its evidentiary burden to demonstrate the reasonableness of the fees it seeks. *Dilston House Condo. Ass'n v. White*, 230 S.W.3d 714, 718–19 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *cf. Varner v. Cardenas*, 218 S.W.3d 68, 70 (Tex. 2007) ("We decline the invitation to allow two trials on attorney's fees when one will do.").

The Texas Supreme Court has recognized that "[t]here are 'important prudential considerations' behind our rules on preserving error." *Mansions in the Forest, L.P. v. Montgomery Cty.*, 365 S.W.3d 314, 317 (Tex. 2012) (quoting *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003)). Compliance with these rules conserves judicial resources, allows for more accurate appellate review of litigants' complaints, and prevents litigants from waiving or consenting to an error at trial and then surprising their opponents by raising that same error on appeal. *Id.* When a complaint centers on a trial court's refusal to consider evidence, preservation of error through an offer of proof or a bill of exception "serves the dual purpose of allowing the trial court to reconsider its ruling on the objection in light of the evidence and assisting the appellate court in reviewing the trial court's ruling." *Singh*, 2018 WL 4096402 at *2.

### *Application*

Because the trial court dismissed Ball's claims pursuant to the TCPA, the Carters and the Parkers were statutorily entitled to an award of reasonable attorney's fees, court costs, and sanctions. TEX. CIV. PRAC. & REM. CODE § 27.009(a); *Sullivan*, 488 S.W.3d at 295. However, our analysis does not end there. *See De Leon*, 70 S.W.3d at 201–02. Even when a statutory scheme provides that a successful movant "shall" recover attorney's fees, the movant must still present evidence to support that recovery. *See id.*; *cf. Garcia v. Gomez*, 319 S.W.3d 638, 641–42 (Tex.

2010) (holding attorney's testimony sufficient to support statutorily mandated fee award because it was not "merely conclusory").

We find no precedent governing this specific factual scenario under the TCPA. We do, however, find cases addressing this scenario under other mandatory fee statutes. Like the TCPA, the statute requiring service of expert reports in medical malpractice cases contains a provision mandating an award of reasonable attorney's fees and court costs to the successful movant. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *see also* TEX. REV. CIV. STAT. ANN. art. 4590i § 13.01(e) (the predecessor to section 74.351(b)). In *De Leon*, this court affirmed a trial court's dismissal of a plaintiff's medical malpractice claim for failure to file an adequate expert report. *De Leon*, 70 S.W.3d at 196. After dismissing the plaintiff's claim, the trial court awarded attorney's fees and court costs to the defendant physician. *Id.* Even though we affirmed the dismissal of the plaintiff's claim, we also held that "nothing in the record supports an award of attorney's fees or costs" because the defendant physician "failed to provide testimony, affidavits, billing records, or anything else that would support" the award. *Id.* at 202. Because nothing in the mandatory fee statute provided for an award in the absence of such evidence, we reversed the trial court's award of attorney's fees and court costs and, without remanding the cause, rendered a take-nothing judgment on that issue. *Id.* at 201–02 (applying art. 4590i § 13.01(e)); *see also Tibbetts*, 2 S.W.3d at 665 (reversing fees awarded under a mandatory fee statute for lack of supporting evidence); *Estrello v. Elboar*, 965 S.W.2d 754, 759 (Tex. App.—Fort Worth 1998, no pet.) (refusing to remand attorney's fees issue where party entitled to statutorily mandated award "did not show diligence in attempting to produce the evidence in a timely fashion.").

The same result is appropriate here. Although the relevant version of the TCPA provided for a mandatory award of attorney's fees, court costs, and sanctions, nothing in its language modified the general rule that a fee award must be supported by evidence. TEX. CIV. PRAC. & REM.

CODE § 27.009(a). As a result, the Carters and the Parkers bore the burden to present evidence establishing the amount of a reasonable award. *See De Leon*, 70 S.W.3d at 201–02. Nothing in the record shows that they presented any evidence of their attorney's fees or court costs—or the appropriate amount of sanctions—either before, during, or after the February 5, 2019 hearing. *See id.*; TEX. R. APP. P. 33.2; TEX. R. EVID. 103(a)(2). Additionally, they did not bring any complaint to the trial court's attention when its order recited that they had withdrawn their request for attorney's fees.[7]

The Carters and the Parkers do not dispute that they did not present any evidence to support the awards they seek. Instead, they argue that the trial court denied them an opportunity to present their evidence, noting that "[t]he Trial Court's order stated incorrectly that [they] had withdrawn their request for attorneys' fees at the hearing when in fact they had not been granted authorization to present any evidence on attorneys' fees." We construe this as an argument that the trial court abused its discretion by refusing to hear their evidence. TEX. R. APP. P. 38.1(f). But in order to preserve that complaint for appellate review, the Carters and the Parkers must show that they informed the trial court of the substance of their evidence, either through an offer of proof made during the hearing or a bill of exception filed after the hearing. TEX. R. APP. P. 33.2; TEX. R. EVID. 103(a)(2); *Hunters Mill Ass'n, Inc. v. Beres*, No. 04-17-00044-CV, 2017 WL 4014619, at *3 (Tex. App.—San Antonio Sept. 13, 2017, no pet.); *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 768 (Tex. App—Dallas 2011, no pet.). They have not made this showing. We therefore hold that the Carters and the Parkers have not preserved their claim to attorney's fees, court costs, and sanctions for our review. TEX. R. APP. P. 33.2; TEX. R. EVID. 103(a)(2); *Singh*, 2018 WL 4096402 at *3; *De Leon*, 70 S.W.3d at 201–02.

---

[7] We note the record does not support the trial court's finding that the request was withdrawn.

## CONCLUSION

We affirm the trial court's order.

Beth Watkins, Justice