Teresa GONZALEZ and Richard Gonzalez, Individually and as Surviving Parents of Emily Gonzalez, Deceased, Appellants,

v.

EL PASO HOSPITAL DISTRICT, Operating as R.E. Thomason General Hospital, Texas Tech University, Operating as Texas Tech University Health Sciences Center, Dr. Mariann Louise Zakarian, Dr. Tamara Kincaid, Dr. Robert W. Vera, Dr. J. Garcia (Believed to be Dr. Jerry Garcia), and Nurses Lorena Sanchez, R.N., R.N.C., Jacellyn L. Holen, R.N., and Irma Salas, R.N., Inclusive, Appellees.

No. 08–99–00077–CV.

Court of Appeals of Texas, El Paso.

June 14, 2001.

John P. Mobbs, Attorney At Law, Luis Chavez, El Paso, for Appellant.

Steven L. Hughes, Barbara Wiederstein, Mounce, Green, Myers, Safi & Galatzan, El Paso, Kim Coogan, Asst. Atty. Gen., Linda Eads, Nelly R. Herrera, Asst. Atty. Gen., Austin, Jim Curtis, Cynthia S. Anderson, Kay C. Jenkins, Kemp, Smith, Duncan & Hammond, El Paso, for Appellee.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

### OPINION ON REHEARING

BARAJAS, Chief Justice.

We issued our original opinion in this case on April 20, 2000. Appellants, Teresa and Richard Gonzalez, subsequently filed a Motion for Rehearing. We grant Appellants' Motion for Rehearing, withdraw our opinion of April 20, 2000, and substitute the following in its stead.

This is an appeal from an order dismissing Appellants' medical malpractice complaint with prejudice due to a failure to

include statements pertaining to causation in an expert report pursuant to TEX.REV. CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Supp.2001). For reasons set forth below, we affirm the judgment of the lower court.

## I. *SUMMARY OF THE EVIDENCE*

In January 1995, Teresa Gonzalez was admitted to R.E. Thomason General Hospital for the delivery of her baby. Soon after the birth, the child died. On December 30, 1996, Teresa and Richard Gonzalez ("Gonzalez") sued the healthcare providers who assisted in the delivery. Gonzalez alleged that the death of their child was attributable to the failure of the healthcare providers to properly respond to certain warning signs which occurred prior to the birth. Gonzalez alleged that as a result of such failure, the baby was born in distress and died soon after.

Gonzalez' case was dismissed with prejudice on December 18, 1998. As grounds for the dismissal, the order states:

> After considering the evidence and argument of counsel, the Court finds as the sole reason for granting this dismissal that Plaintiffs' experts report does not establish a causal [connection] between the Defendants' alleged failure to meet applicable standards of care and the injury, harm or damages claimed, within one hundred and eighty days of filing suit requires dismissal of this case pursuant to Article 4590i, § 13.01(e)(3), TEX. REV.CIV. STAT. ANN.

Gonzalez now brings this appeal.

## II. *DISCUSSION*

Appellants raise three issues on appeal: (1) whether the trial court abused its discretion in dismissing their medical malpractice cause of action due to the failure to submit an expert report as defined by statute; (2) whether Appellees filed their motion to challenge the expert report in a timely manner; and (3) whether it was proper to dismiss "with prejudice."

With regard to Issue No. One, TEX.REV. CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp.2001) states:

> Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted: (1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or (2) voluntarily nonsuit the action against the physician or health care provider.

An "expert report" is specifically defined as:

> [A] written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(r)(6) (Vernon Supp.2001).

Subsection 13.01(e) provides that if a claimant fails to comply with Subsection 13.01(d), upon motion of the "affected physician or healthcare provider," the court shall enter the following sanctions against the claimant:

> (1) the reasonable attorney's fees and costs of court incurred by that defendant; (2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and (3) *the dismissal*

*of the action of the claimant against that defendant with prejudice to the claim's refiling.*

TEX.REV.CIV. STAT. ANN. art. 4590i, § .13.01(e) (Vernon Supp.2001) (emphasis added).

Subsection 13.01(*l* ), however, limits, to a certain extent, a court's power to dismiss a case. That section states, "A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the definition of an expert report in Subsection 13.01(r)(6) of this section." TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(*l*) (Vernon Supp.2001). Thus, a claimant who files an expert report which lacks a fair summary of the expert's opinion regarding (1) the standard of care, (2) the manner in which the healthcare provider failed to measure up to the standard of care, and (3) the causal relationship between the breach of the standard of care and the injury, shall have such claim dismissed if, after conducting a hearing on the issue, the trial court determines that the report does not represent a good faith effort to provide the required information. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(r)(6) (Vernon Supp.2001); TEX.REV. CIV. STAT. ANN. art. 4590i, § 13.01(*l*) (Vernon Supp.2001).

### A. Standard of Review

■ We review a Section 13.01 dismissal under an abuse of discretion standard of review. *See American Transitional Care Centers of Texas, Inc. v. Palacios,* 46 S.W.3d 873, 877–78 (Tex. 2001). From the outset we note that "A [party] who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding).

The test for abuse of discretion is not whether, in the opinion of this Court, the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Hallmark v. Hand,* 885 S.W.2d 471, 475 (Tex.App.—El Paso 1994, writ denied). Another way of stating the test is whether the act was arbitrary or unreasonable. *Downer,* 701 S.W.2d at 242 (citing *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984)); *Hallmark,* 885 S.W.2d at 475. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *See Downer,* 701 S.W.2d at 242 (citing *Southwestern Bell Telephone Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex.1965)). A mere error of judgment is not an abuse of discretion. *See Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex.1989).

### B. Application

■ Appellants argue that the trial court abused its discretion in dismissing the medical malpractice cause of action because "Dr. Martinez' report not only meets the requirements of Subsection 13.01(r)(6), but indeed, represents *more* than a 'good faith effort' to comply with the definition of an 'expert report.'" In support of this argument, Appellants contend that the mere absence of the words "cause" and "causation" do not necessarily render the report deficient of any mention of causation. Although we agree with this proposition, we cannot agree that the trial court abused its discretion in determining

that the report (1) failed to address causation, and (2) does not reflect a good faith attempt to satisfy the requirements of Subsection 13.01(r)(6). The expert report of Dr. Martinez submitted by Appellants provides:[1]

> After carefully reviewing the above-noted case at your request, my professional opinion is that the standard of care has been breached in at least three areas by the hospital, the physicians, and the nursing staff involved in the care of the laboring patient. These areas are as follows:
>
> 1. Duration of prematurely-ruptured membranes. While differences of opinion exist regarding the management of premature rupture of membranes (PROM-rupture of membranes prior to the onset of labor contractions), I believe that most obstetricians would agree that those patients in whom spontaneous labor does not ensue within 24 hours should receive labor induction, and this is supported by the literature. In patients who may be considered to have increased risk factors for infection the observation period would be even shorter. That a patient should wait for >37 hours to have induction begun solely because no labor beds were available, even though her physicians seemed to feel that induction should be begun sooner, would appear to me to be a breach of the duty owed to this patient.
>
> 2. Failure of physicians and nursing staff to respond appropriately to charges in the FHR strip. Examination of the FHR strip reveals a significant change in the pattern, from that of a reassuring FHR pattern to a non-reassuring pattern, occurring during the 1900 hour on the day of labor. This pattern change was either not noted or incorrectly noted in the nursing notes, and either not noted or not acted-upon promptly by the attending obstetrician(s).
>
> 3. Poor charting on FHR strip, in nursing notes, and in physician progress notes. The lack of adequate charting on the FHR strip, coupled with the inaccurate charting in the nursing notes renders it very difficult to determine what interventions were undertaken, if any, and when. This includes documentation regarding medication dosages, examinations, vital signs, and FHR changes.

The inclusion of the phrase, "I believe that most obstetricians would agree that those patients in whom spontaneous labor does not ensue within 24 hours should receive labor induction," clearly demonstrates a good faith attempt to set forth the appropriate standard of care. The report also sets forth the manner in which the defendants breached the standards of care with phrases like, "That a patient should wait for >37 hours to have induction begun solely because no labor beds were available, even though her physicians seemed to feel that induction should be begun sooner, would appear to me to be a breach of the duty owed to this patient." Nowhere in the report, however, does Dr. Martinez even attempt to explain how (or even whether) the various breaches may have caused the injury, i.e., the death of Appellants' newborn child. As noted above, although the words "cause" or "causation" do not necessarily have to be used (*see Arlington Memorial Hospital Foundation, Inc. v. Baird*, 991 S.W.2d 918, 922 (Tex. App.—Fort Worth 1999, writ denied)), some substituted word, phrase, or refer-

---

1. The Dr. Martinez report is actually a letter from Dr. Martinez to counsel for Gonzalez. It concludes with the following remarks: "I would be happy to discuss this with you in greater detail, if necessary. Please do not hesitate to contact me if I can be of further assistance in this matter."

ence is certainly required in order to be fully compliant with Subsection 13.01(r)(6). Thus, in spite of Appellants' arguments to the contrary, we find that Dr. Martinez' report fails to address causation.

Having determined that the report fails to satisfy the definition of an "expert report," we must now determine whether the trial court abused its discretion in determining that the report does not reflect a good faith effort to comply with Subsection 13.01(r)(6). Because the report submitted by Appellants completely fails to address the issue of causation, we cannot say that the trial court acted unreasonably in determining that the report does not reflect a good faith effort to comply with the definition of an expert report. Accordingly, we overrule Appellants' Issue No. One.

■ In Issue No. Two, Appellants argue that dismissal was improper because Appellees waited too long to seek dismissal based on the shortcomings of the report. Without citing any case or statutory authority, Appellants argue that "Appellees should be precluded from prevailing when Appellees waited for more than one (1) year to object to and complain of the expert report, and then try to avail themselves of a dismissal based on the 180–day deadline with no remedy in equity or at law to Appellants." Because Section 13.01 makes no mention of a time limitation for challenging the sufficiency of an expert report, we overrule Appellants' Issue No. Two.

In Issue No. Three, Appellants argue that if the report was deficient, a court may only dismiss *without* prejudice. Again, we disagree. Section 13.01 clearly states:

If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this section within the time required, the court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney: ... The dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(e) (Vernon Supp.2001).

Therefore, the trial court did not err in dismissing Appellants' claims with prejudice.

Having overruled each of Appellants' issues on appeal, we affirm the trial court's order of dismissal.

LARSEN, J., concurring.

CHEW, J., dissents.

LARSEN, Justice, concurring on rehearing.

The Texas Supreme Court has recently spoken on the issue of whether an abuse of discretion or no evidence summary judgment standard applies in reviewing the adequacy of expert reports under TEX.REV. CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Supp.2001), and what a good faith effort to comply with the statute requires.[1] The *Palacios* opinion holds:

[A] trial court's decision to dismiss a case under section 13.01(e) is reviewed for abuse of discretion. We further hold that to constitute a good-faith effort to provide a fair summary of an expert's opinions under section 13.01(*l*), an expert report must discuss the standard of care, breach, and causation with suffi-

---

1. *American Transitional Centers of Texas, Inc. v. Palacios,* 46 S.W.3d 873, 877–78 (Tex. 2001).

cient specificity to inform the defendant of the conduct the plaintiff has called into question and to provide a basis for the trial court to conclude that the claims have merit.[2]

*Palacios* clearly requires a discussion of causation that is absent in Dr. Martinez's report. I therefore agree that the trial court did not abuse its discretion in dismissing with prejudice as required by the statute. For these reasons, I concur in the majority's conclusion that there was no reversible error.