TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00544-CV






Julia F. Hernandez, Appellant


v.


Veronica K. Piziak, M.D. and Scott & White Memorial Foundation d/b/a Scott &

White Memorial Hospital, Appellees






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 183,231-B, HONORABLE RICK MORRIS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Julia F. Hernandez appeals the district court's dismissal of a medical malpractice
lawsuit against Veronica K. Piziak, M.D. and Scott & White Memorial Foundation d/b/a Scott &
White Memorial Hospital ("appellees"). In two issues, Ms. Hernandez contends that the district
court abused its discretion in failing to grant her an extension of time to file a supplemental expert
report and then in dismissing her suit. For the reasons that follow, we affirm the district court's
judgment.


BACKGROUND

 As a result of taking the drug Rezulin in 1997 and 1998 as prescribed for diabetes by
Dr. Piziak, Ms. Hernandez suffered adverse effects. She initially sued Warner Lambert, the 
manufacturer of Rezulin. That suit was removed to federal court and transferred to the multidistrict
litigation pending in the Southern District of New York. She then filed this medical malpractice
lawsuit in October 2000 against Dr. Piziak and Scott & White. On April 27, 2001, in support of her
allegations and to comply with statutory requirements, Ms. Hernandez's attorney filed an expert
report prepared by Dr. Robert M. Bernstein and dated March 8, 2001. See Texas Medical Liability
and Insurance Improvement Act, Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)(1) (West Supp.
2003). The report states as follows:


My opinion, based on reasonable medical probability, is that Ms. Hernandez'
treatment was below the standard of care regarding appropriate monitoring of liver
function studies during the time Ms. Hernandez was taking Rezulin. The reason for
this opinion is that the manufacturer's published recommendations regarding liver
function monitoring during Rezulin therapy were not met. This opinion assumes that
the manufacturer's published recommendations were in fact received by Dr. Priziak
[sic] at the time they were published and disseminated.


It is also noteworthy that Ms. Hernandez had had chronically abnormal liver function
studies since at least 1987, and the diagnosis of chronic hepatitis C was not made
until late 1998, after Rezulin therapy had been discontinued.



The report makes no mention of Scott & White.

 On March 21, 2002, appellees filed a motion to dismiss, asserting that Ms. Hernandez
failed to comply with the "expert report" requirements of section 13.01 of article 4590i. Specifically,
the appellees argued that the report was deficient because it did not state with sufficient specificity: 
the standard of care the appellees were required to meet; the manner in which the care rendered
failed to meet that standard; and the causal relationship between any such failure to meet that
standard and the injury, harm, and damages claimed by Ms. Hernandez.

 On March 22, 2002, the court clerk notified the parties that the case was to be
dismissed for want of prosecution. In response to the district court's notice, Ms. Hernandez filed
a Motion to Retain, advising the court of the multidistrict litigation and requesting that the case be
retained on the court's docket or, in the alternative, that the case be abated. After a hearing on April
5 on all parties' motions, the district court granted appellees' motion to dismiss. Ms. Hernandez
appeals the dismissal, raising two issues: whether the district court abused its discretion in refusing
to grant Ms. Hernandez an extension of time to cure the inadequacy of Dr. Bernstein's expert report,
and whether appellees waived their right to complain about the adequacy of the report by delaying
the filing of their motion to dismiss.


TIME EXTENSIONS

 Ms. Hernandez first argues that the trial court erred in denying her motion for an
extension of time under section 13.01(g), because the uncontroverted evidence establishes that the
failure to file a complying report was neither intentional nor the result of conscious indifference. We
disagree.

 The Texas Medical Liability and Insurance Improvement Act sets forth explicit
requirements--as to substance and timing--for the filing of expert reports. Within one hundred and
eighty days after filing a health care liability claim, a claimant "must provide counsel for each
physician or health care provider one or more expert reports." Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 13.01(d)(1) (West Supp. 2003). In this context, an expert report means


a written report by an expert that provides a fair summary of the expert's opinions as
of the date of the report regarding applicable standards of care, the manner in which
the care rendered by the physician or health care provider failed to meet the
standards, and the causal relationship between that failure and the injury, harm, or
damages claimed.



Id. § 13.01(r)(6).

 If the claimant fails to comply with the 180-day deadline or to seek an extension of
time to file, after a hearing the court must grant a grace period of 30 days under section 13.01(g)
upon a showing that the claimant or claimant's attorney has some excuse of accident or mistake,
establishing "that the failure . . . was not intentional or the result of conscious indifference." Id.
§ 13.01(g). In the context of section 13.01(g), an accident or mistake is characterized by a person's
inadequate knowledge of the facts or an "unexpected happening that precludes compliance with the
statute." De Leon v. Vela, 70 S.W.3d 194, 201 (Tex. App.--San Antonio 2001, pet. denied). We
review the trial court's ruling on a motion for extension of time to file a complying report under an
abuse of discretion standard. American Transitional Care Ctrs. of Texas, Inc. v. Palacios, 46
S.W.3d 873, 877 (Tex. 2001).

 By filing her report on April 27, 2001, Ms. Hernandez initially complied with the
deadlines specified in section 13.01(d). However, because the report itself was inadequate, we must
determine whether she was entitled to an extension of time to cure the defects in the initial report. 
Ms. Hernandez urges that her actions and those of her attorney


were not intentional or the result of conscious indifference but were a good faith
effort to meet the requirements of 4590i. If there are any deficiencies in the report
regarding the causation and damages it was because of accident or mistake on the
part of the Plaintiff's counsel and was not intentional or result of conscious
indifference. It was only when Defendants moved for dismissal that Plaintiff's
counsel realized that Dr. Bernstein's report was not specific on the issue of causation
and damages.



 Ms. Hernandez's motion for extension of time stated: "It appears, upon close review
of Dr. Bernstein's report, that it does not specifically mention causation and damages. Plaintiff's
counsel originally thought that it did as Dr. Bernstein was asked to address those issues." It went
on to state that counsel, "while concentrating on the [multidistrict litigation] issues against the drug
manufacturer," tried to comply with the report requirements of 4590i. Ms. Hernandez's counsel
testified at the April 5 hearing that he had "seen thousands of [medical expert] reports" and thought
that Dr. Bernstein's report was adequate when it was filed. He further testified that he did not look
at the report again until the appellees filed their motion to dismiss. Upon his second review of the
report, he "believe[d] that the court could rule that the issue of causation and damages is not
specifically stated."

 We conclude that the district court did not abuse its discretion in concluding that Ms.
Hernandez was not entitled to an extension under section 13.01(g). Neither Ms. Hernandez's motion
for extension of time nor the testimony of her counsel at the hearing establishes sufficient facts to
demonstrate "inadequate knowledge of the facts or an unexpected happening that precludes
compliance with the statute." De Leon, 70 S.W.3d at 201. Ms. Hernandez's counsel established
only that he perhaps did not pay close enough attention to Dr. Bernstein's report when he filed it. 
He made no showing of any inadequate knowledge or unexpected event. We conclude, therefore,
that Ms. Hernandez failed to allege sufficient facts of accident or mistake that would require the
district court to grant an extension under section 13.01(g). Accordingly, we hold that the district
court did not abuse its discretion in denying Ms. Hernandez's request for an extension of time to cure
the inadequacy of Dr. Bernstein's expert report. Palacios, 46 S.W.3d at 877.


WAIVER

 In her second issue, Ms. Hernandez contends that appellees waived their right to
complain about the report by delaying the filing of their motion to dismiss until approximately three
hundred days after Ms. Hernandez filed Dr. Bernstein's report. Ms. Hernandez rests her argument
on Langley v. Jernigan from our sister court in Waco. 76 S.W.3d 752, 757 (Tex. App.--Waco 2002,
pet. filed). The facts in Langley are distinguishable. In Langley, the defendant had "considerable
involvement in discovery," filed a motion for summary judgment on an issue unrelated to the expert
report, filed an amended answer that deleted a reference to the statutory inadequacy of the report, and
then finally objected to the report 646 days after the lawsuit was filed. Id. at 757-58. The court held
that defendant had waived his right to complain, concluding that defendant's conduct "misled
Appellants, which worked an inequity on them." Id. at 758.

 Unlike the defendant in Langley, appellees did nothing to mislead Ms. Hernandez into
thinking that they would not challenge Dr. Bernstein's report. Ms. Hernandez produced Dr.
Bernstein's report to appellees on April 27, 2001. Then, it appears from the record that little or no
activity occurred in the case until March 21, 2002, when appellees filed their motion to dismiss on
the grounds that Dr. Bernstein's report was inadequate and the court placed the case on the dismissal
docket.

 In any event, other courts do not support the Langley holding. See, e.g., Kidd v.
Brenham State Sch., No. 14-01-00082-CV, slip op. at 5, 2002 Tex. App. LEXIS 5124, at *8-9 (Tex.
App.--Houston [14th Dist.] July 18, 2002, pet. denied); Gonzalez v. El Paso Hosp. Dist., 68 S.W.3d
712, 717 (Tex. App.--El Paso 2001, no pet.); Chisholm v. Maron, 63 S.W.3d 903, 908 (Tex.
App.--Amarillo 2001, no pet.) (all holding that section 13.01 places no time limitation on
challenging expert report). Accordingly, we hold that appellees did not waive their right to challenge
the adequacy of Dr. Bernstein's report and overrule Ms. Hernandez's second issue.

 We decline to address Ms. Hernandez's constitutional challenges to article 4590i
because Ms. Hernandez, in failing to raise the issues below, did not preserve the challenges for our
review. See Tex. R. App. P. 33.1; Texas Water Comm'n v. Brushy Creek Mun. Util. Dist., 917
S.W.2d 19, 23-24 (Tex. 1996) (to preserve a constitutional challenge for appeal, a party must raise
the issue in the proceedings below). Even assuming that Ms. Hernandez properly preserved the
issues, we have previously addressed them in McGlothlin v. Cullington. See 989 S.W.2d 449, 452-53 (Tex. App.--Austin 1999, pet. denied) (expert report requirements of article 4590i do not violate
due process provisions of the United States and Texas Constitutions).


CONCLUSION

 We hold the district court acted within its discretion in dismissing the suit. We
further hold the district court did not err in denying an extension of time in which to file a complying
expert report because the motion requesting an extension failed to allege sufficient facts that the
failure to file a complying report was the result of "an accident or mistake." Accordingly, we affirm
the judgment of the district court.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: February 6, 2003