# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-02-00305-CV

---

**Pauline Wilson Lovato, Individually and on behalf of all wrongful death Beneficiaries, Appellant**

**v.**

**Austin Nursing Center, Inc., d/b/a Austin Nursing Center; Century Care of America, Inc.; Paul Gray; Paul Hanlon; Laura Swarbrick; and Guadalupe Zamora, M.D., Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. GN-201240, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

On behalf of herself and other wrongful death beneficiaries, Pauline Wilson Lovato appeals the dismissal of a wrongful death medical negligence lawsuit against Austin Nursing Center, Inc., d/b/a Austin Nursing Center; Century Care of America, Inc.; Paul Gray; Paul Hanlon; Laura Swarbrick; and Guadalupe Zamora, M.D. (Aappellees@). In two issues, Ms. Lovato contends that the district court abused its discretion in failing to grant her an extension of time to file adequate expert reports and in dismissing her wrongful death claim. For the reasons that follow, we affirm the district court=s judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Margarita Torres Wilson, Ms. Lovato=s mother, at age 92 was a resident at the Austin Nursing Center for approximately a month in mid-1998. Her primary physician was Dr. Zamora. On May 21, 1998, her first day at the center, she broke her left leg, and was transferred to a hospital for a few days.[1] After returning to the center, she developed pressure ulcers on her buttocks and left leg during the course of her care. On June 30, 1998, she was discharged from the center and transferred to another nursing home. On August 17, 1998, she was discharged from the second nursing home. She died at home on August 18, 1998.

On January 27, 2000, Ms. Lovato filed a survival action against appellees, alleging that Mrs. Wilson developed pressure ulcers and suffered personal injuries as a result of appellees= medical negligence. Ms. Lovato=s first amended original petition, filed on June 20, 2000, added a wrongful death action on behalf of all wrongful death beneficiaries. This petition further stated that Mrs. Wilson Adeveloped and suffered from pressure ulcers, which was a significant contributing cause of her death on August 18,

---

[1] Ms. Wilson had previously lost her right leg in a diabetes-related amputation. As a result of breaking her left leg, she filed a separate negligence lawsuit against the center in July 1998. The district court dismissed that action for failure to file an expert report, which this Court affirmed in an unpublished opinion. *See Wilson v. Austin Nursing Ctr.*, No. 03-00-00800-CV, 2002 Tex. App. LEXIS 6886 (Austin Sept. 26, 2002, pet. filed).

1998.@ Two subsequent amended petitions, filed in August 2000, added several defendants and a claim for death as an injury that Mrs. Wilson had suffered.

In support of her allegations and to comply with statutory requirements, Ms. Lovato=s attorneys filed six expert reports. *See* Texas Medical Liability and Insurance Improvement Act, Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(d)(1) (West Supp. 2003). The reports discussed the applicable standard of care, breach of the standard, and the causal link between the breach and Mrs. Wilson=s pressure ulcers. One report, for example, stated that the Abreach of the applicable standard of care was a significant cause of the development and worsening of Margarita Torres Wilson=s pressure ulcers.@ None of the reports linked appellees= conduct to Mrs. Wilson=s death.

In October 2001, all defendants, except for Laura Swarbrick, who is pro se, filed motions to dismiss the wrongful death claim for failure to file adequate expert reports and for severance of the wrongful death claim from the survival action. Specifically, the appellees argued that the reports were deficient because they did not state the causal relationship between any failure to meet the applicable standard of care and Mrs. Wilson=s death. Ms. Lovato filed a motion for relief, requesting a thirty-day grace period to file adequate reports on the ground that failure to comply was the result of Aaccident or mistake.@ *See id.* ' 13.01(g) (West Supp. 2003).

The district court held a hearing on all parties= motions on November 1, 2001. On April 10, 2002, the district court granted appellees= motions to dismiss the wrongful death claim, denied Ms. Lovato=s motion for relief, severed the wrongful death claim from the survival action, and ordered that the wrongful death claim be dismissed with prejudice Aand that only the survival claims against the Defendants

**3**

as related to the pressure ulcers remain in this case.@[2] Ms. Lovato appeals the dismissal of the wrongful death claim, raising two issues: whether the district court abused its discretion by (1) dismissing the wrongful death claim for failure to file adequate expert reports and (2) refusing to grant Ms. Lovato=s motion for relief to cure the inadequacy of the expert reports.

## ANALYSIS

In her first issue, Ms. Lovato contends that the district court abused its discretion by granting appellees= motions to dismiss for failure to file adequate expert reports. The Texas Medical Liability and Insurance Improvement Act sets forth explicit requirementsCas to substance and timingCfor the filing of expert reports. Within 180 days after filing a health care liability claim, a claimant Amust provide counsel for each physician or health care provider one or more expert reports.@ *Id.* ' 13.01(d)(1). In this context, an expert report means

> a written report by an expert that provides a fair summary of the expert=s opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id*. ' 13.01(r)(6) (West Supp. 2003).

Here, the appellees dispute only the substance of the expert reports, not the timing. A trial court shall grant a motion to dismiss for failure to file an adequate expert report Aonly if it appears to the

---

[2] The survival action is the subject of a companion appeal in cause number 03-02-00505-CV, which we are also deciding today.

court, after hearing, that the report does not represent a good faith effort to comply with the definition of an expert report@ in section 13.01(r)(6). *Id.* '13.01(*l*) (West Supp. 2003). We review a trial court=s ruling on a motion to dismiss for failure to file an adequate expert report under an abuse of discretion standard. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001).

Ms. Lovato asserts that the expert reports represent a good faith effort to comply with the requirements of section 13.01(r)(6) by discussing the applicable standards of care, breaches of standards of care, and a causal link between the breaches and Ms. Lovato=s pressure sores. *See* Tex. Rev. Civ. Stat. Ann. art. 4590i, '13.01(r)(6). She argues that *Palacios* forbids the district court from looking beyond the expert reports to the plaintiff=s pleadings to determine whether the reports are adequate. *See* 46 S.W.3d at 878 (because section 13.01(*l*) Afocuses on what the report discusses, the only information relevant to the inquiry is within the four corners of the document@). Appellees counter that, because section 13.01(r)(6) requires that an expert report state Athe causal relationship between that failure and the injury, harm, or damages claimed,@ Tex. Rev. Civ. Stat. Ann. art. 4590i, '13.01(r)(6), an expert report in a wrongful death action must link any alleged breach to the death of the claimant=s family member. We agree with appellees.

To constitute a good faith effort, an expert report must Adiscuss the standard of care, breach, and causation with sufficient specificity to inform the defendant of the conduct the plaintiff has called into question and to provide a basis for the trial court to conclude that the claims have merit.@ *Palacios*, 46 S.W.3d at 875. By definition, an expert report must include the causal relationship between the alleged breach and injury claimed. Tex. Rev. Civ. Stat. Ann. art. 4590i, '13.01(r)(6). A plaintiff=s pleadings state the injury claimed. Thus, to determine whether a report meets the statutory requirements and whether the

**5**

claims have merit, a trial court need not look at the expert report in isolation. Instead, the trial court must necessarily be permitted to examine a plaintiff=s pleadings. *See, e.g.*, *Martinez v. Battelle Mem=l Inst.*, 41 S.W.3d 685, 691 (Tex. App.CAmarillo 2001, no pet.); *Hart v. Wright*, 16 S.W.3d 872, 877-78 (Tex. App.CFort Worth 2000, pet. denied) (examining allegations in plaintiff=s pleadings to determine whether plaintiff brought a health care liability claim).

Here, Ms. Lovato brought a statutory claim for the wrongful death of her mother. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 71.002 (West 1997) (AAn action for actual damages arising from an injury that causes an individual=s death may be brought if liability exists under this section.@). The Wrongful Death Act Aauthorizes claims only for actions that actually *cause* death.@ *Kramer v. Lewisville Mem=l Hosp.*, 858 S.W.2d 397, 404 (Tex. 1993). Therefore, for the expert reports to provide a basis for the trial court to conclude that the wrongful death claim had merit, the reports were required to demonstrate that appellees= alleged medical negligence caused Mrs. Wilson=s death. This the reports failed to do, instead tying appellees= conduct only to Mrs. Wilson=s pressure sores.

The expert reports were thus inadequate in failing to link appellees= conduct to an injury claimed, specifically Ms. Lovato=s death. *See* Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(r)(6); *Palacios*, 46 S.W.3d at 879 (report not a good faith effort Aif it omits any of the statutory requirements@); *Gonzalez v. El Paso Hosp. Dist.*, 68 S.W.3d 712, 716-17 (Tex. App.CEl Paso 2001, no pet.) (in a wrongful death action, expert report inadequate in failing to explain how breaches caused death). We hold

that the district court did not abuse its discretion in dismissing the wrongful death claim for failure to file adequate expert reports and thus overrule Ms. Lovato=s first issue.[3]

In her second issue, Ms. Lovato contends that the district court abused its discretion in denying her motion for relief, which requested a thirty-day extension to cure the inadequacy of the expert reports.  If a claimant has failed to file an adequate expert report by the filing deadline, after a hearing the court must grant a grace period of thirty days under section 13.01(g) upon a showing that the claimant or claimant=s attorney has some excuse of accident or mistake, establishing Athat the failure . . . was not intentional or the result of conscious indifference.@ Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(g).  In the context of section 13.01(g), an accident or mistake is characterized by a person=s inadequate knowledge of

---

[3]  Ms. Lovato also contends that Ms. Swarbrick, who is pro se, is not entitled to a dismissal because she did not file a motion to dismiss.  Ms. Lovato has waived this argument because she failed to object below to the dismissal of the case Aas to all defendants.@ Tex. R. App. P. 33.1(a).  Additionally, because the expert reports were inadequate as to all defendants, the district court properly dismissed the entire wrongful death claim.

The district court=s order dismissing the wrongful death action included M. Hartnett, L.V.N.; Opal Henry; M. Hopper; P. King; H. Preslar, L.V.N.; Marilee Smith, L.V.N.; Mary White, R.N.; and Delena Whitten, all of whom Ms. Lovato had nonsuited before the issuance of the order.  The parties agreed at oral argument that these nonsuited defendants are not parties to this appeal.

7

the facts or an Aunexpected happening that precludes compliance with the statute.@ *De Leon v. Vela*, 70 S.W.3d 194, 201 (Tex. App.CSan Antonio 2001, pet. denied). We review the trial court=s ruling on a motion for extension of time to file a complying report under an abuse of discretion standard. *Palacios*, 46 S.W.3d at 877.

It is not disputed that Ms. Lovato met the 180-day filing requirement in section 13.01(d). However, because the expert reports were inadequate, we must determine whether she was entitled to an extension of time to cure the defects in the initial reports. Ms. Lovato=s motion for relief stated:

> Any failure to comply with the law was an accident or mistake. Plaintiffs= counsel read the statute in question and believed that they understood its requirements. Plaintiffs= counsel understood that the purpose of the statute was to prevent frivolous lawsuits, to provide the Defendants with notice of the conduct in question, and to show the Court that this case has merit.

Further, in his affidavit, lead counsel for Ms. Lovato averred: AIf any of the these [sic] reports are deemed inadequate for any reason, this was not intentional or due to conscious indifference on my part, but was due to accident or mistake.@ He testified at the hearing that he had been licensed since 1980 and had worked on medical malpractice claims for the past three or four years, including about twenty-five claims involving expert reports. Based on his understanding of the law, he did not Ahave to say how these pressure ulcers developed and caused [Mrs. Wilson=s] death.@ He did not know at the time of filing the reports that including death in the reports was required and that therefore he Aleft it out by accident or mistake.@

On cross-examination, he testified as follows:

8

| [DR. ZAMORA=S ATTORNEY] | Did you read Dr. Cefalu=s opinion when it came to you? |
|---|---|
| [MS. LOVATO=S ATTORNEY] | Oh, yes, ma=am. |
| [DR. ZAMORA=S ATTORNEY] | And did you notice right away that death was not included? |
| [MS. LOVATO=S ATTORNEY] | It not [sic] didn=t raise a red flag. |
| [DR. ZAMORA=S ATTORNEY] | This is [sic] yes or no question.  Did you notice death was not included as an injury? |
| [MS. LOVATO=S ATTORNEY] | I can=t remember at that time when I read it.  I thought it was—I could only tell you in general that I thought it was an adequate report at the time. |

He further testified that he did not discuss causation of death with Dr. Cefalu in this wrongful death action until *after* filing the reports.  He conceded that he was aware of potential problems with expert reports because of the dismissal of Mrs. Wilson=s previous lawsuit for failure to file an expert report. *See Wilson v. Austin Nursing Ctr.*, No. 03-00-00800-CV, 2002 Tex. App. LEXIS 6886 (Austin Sept. 26, 2002, pet. filed) (not designated for publication).

We conclude that the district court did not abuse its discretion in determining that Ms. Lovato was not entitled to an extension under section 13.01(g).  Neither the affidavit of Ms. Lovato=s counsel nor the testimony of her lead counsel at the hearing present sufficient facts to demonstrate Ainadequate knowledge of the facts or an unexpected happening that precludes compliance with the statute.@ *De Leon*, 70 S.W.3d at 201.  Further, the statements in counsels= affidavits are conclusory, presenting no evidence of accident or mistake. *See Rittmer v. Garza*, 65 S.W.3d 718, 724 (Tex. App.—Houston [14th

**9**

Dist.] 2001, no pet.). Therefore, Ms. Lovato failed to allege sufficient facts of accident or mistake that would require the district court to grant an extension under section 13.01(g).

We recognize that a mistake of law can sometimes be sufficient to qualify as an accident or mistake under section 13.01(g). *See, e.g.*, *Whitworth v. Blumenthal*, 59 S.W.3d 393, 401-02 (Tex. App.CDallas 2001, pet. dism=d by agr.) (finding abuse of discretion for failure to grant extension to attorney who had filed report for first time under new law). Nevertheless, we cannot say here that the trial court abused its discretion in declining to grant an extension to an experienced attorney who failed to comply with the expert report requirement by omitting the fundamental statutory element of Athe causal relationship between that failure and the injury, harm, or damages claimed.@ Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(r)(6). Accordingly, we hold that the district court did not abuse its discretion in denying Ms. Lovato=s request for an extension of time to cure the inadequacy of the expert reports. *Palacios*, 46 S.W.3d at 877.

**CONCLUSION**

We hold that the district court acted within its discretion in dismissing the wrongful death claim. We further hold that the district court did not abuse its discretion in denying an extension of time to file complying expert reports because Ms. Lovato=s attorneys failed to allege sufficient facts that the failure to file complying reports was the result of an accident or mistake. Accordingly, we affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: March 27, 2003