NO. 07-02-0346-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 30, 2004

_____


ZULEMA ROSA, INDIVIDUALLY AND AS NEXT FRIEND
OF MIGUEL ROSA, A MINOR, APPELLANT

V.

RICHARD D. CALDWELL, M.D., CHILDRESS REGIONAL
MEDICAL CENTER, D. BARFIELD, R.N.
AND PERRY FOSTER, R.N./F.N.P., APPELLEES


_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 8709; HONORABLE DAVID MCCOY, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


**OPINION**


Appellant Zulema Rosa, individually and as next friend of Miguel Rosa, sued Dr. Richard Caldwell, the Childress Regional Medical Center and two nurses, D. Barfield and Perry Foster (collectively, "the health care providers"), alleging that Miguel suffered injuries

as a result of their professional negligence. The trial court granted the health care providers' motions to dismiss for Rosa's failure to file an adequate expert report. We affirm.

BACKGROUND

According to Rosa's petition, Miguel was treated at the Childress Regional Medical Center by Caldwell, Barfield, and Foster. Rosa alleged that the treatment was negligent and proximately caused injuries to Miguel.

On January 4, 2001, Rosa filed suit against the health care providers. On March 30, 2001, she filed an expert report. See TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Supp. 2001) (the Medical Liability and Insurance Improvement Act, occasionally referred to as "the Act").[1] The expert report was prepared by Herman E. Schaffer, M.D. However, Schaffer's *curriculum vitae* ("c.v.") was not attached to the report, as required by section 13.01(d)(1), nor did the report address Schaffer's qualifications to render the opinions in the report.

In February 2002, the health care providers filed motions to dismiss alleging that Rosa's expert report was inadequate because, among other reasons, the report did not include the required c.v. of Schaffer. See section 13.01(d)(1) and (r)(6).

---

[1]The Act was formerly article 4590i of Texas Revised Civil Statutes. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985-87. It was repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884. The current version appears at TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001 - 74.507 (Vernon Pamph. Supp. 2004). All section references in this opinion are to Texas Revised Civil Statutes article 4590i and will be by reference to "section __."

On March 12, 2002, Rosa filed a motion entitled "Motion for Extension of Time Pursuant to Texas Revised Civil Statute Ann., Art. 4590i, Section 13.01(f)." The body of the motion requested a 30-day extension of time to submit her expert's c.v. or to amend the expert report, specified that an extension was permitted under section 13.01(f), and stated that she had good cause for requesting the extension. Under the section entitled Basis for Motion, Rosa stated that article 4590i "contains provisions that permit the Court to grant an extension of 30 days to satisfy requirements" of the statute, then again referenced section 13.01(f) and quoted the language of that section. Finally, the motion claimed that it would not be within the ultimate purposes of the Act to dismiss her claims because the c.v. was honestly and mistakenly omitted from the expert report. On March 21, 2002, without holding a hearing, the trial court signed an order granting Rosa's motion.

Also on March 21st, Rosa filed responses to the motions to dismiss. The responses urged, in part, that omission of the c.v. was an honest mistake, referenced and quoted section 13.01(f), attached a copy of the motion for extension of time which she had previously filed, and requested that she be allowed to furnish a copy of the c.v. "within a thirty day extension as permitted by §13.01(f)." In the Conclusion sections of the responses, she mentioned that the Medical Liability and Insurance Improvement Act contained two provisions which authorized extensions in cases where "honest mistakes" have been made: section 13.01(f) and (g).

On March 28th, Rosa filed an amended motion for extension of time. The amended motion did not seek an extension of time to amend the expert report, but sought only an

extension to submit Schaffer's c.v. Otherwise, the amended motion was the same as the original motion.

The trial court held a hearing on the health care providers' motions to dismiss and Rosa's motion to extend time. The court vacated its March 21st order authorizing the 30-day extension to file the expert's c.v. on the basis that the motion was untimely filed and because no hearing was held prior to entry of the order. The court also found that Rosa had not timely filed a section 13.01(g) motion to extend time and dismissed her claims with prejudice.

On appeal, Rosa contends that: (1) the motion for extension of time filed on March 21st encompassed a request for relief pursuant to section 13.01(g) and comprised a timely filed section 13.01(g) motion; (2) the trial court erred in vacating its March 21st order and dismissing her claims after having granted the extension of time; (3) the dismissal of her claims was barred by the doctrine of laches; and (4) dismissal was contrary to the Legislature's intent in passing the Medical Liability and Insurance Improvement Act.

ISSUES ONE AND TWO: THE
MOTION TO EXTEND TIME

Rosa presents and argues issues one and two together. She maintains that her motion to extend was both a section 13.01(f) and a section 13.01(g) motion, was filed on March 21st before commencement of the hearing of March 28th, and that the trial court erred in ruling that she did not timely file a section 13.01(g) motion.

The granting or denial of a section 13.01(g) grace period is reviewed under an abuse of discretion standard because denial of a grace period will result in dismissal of the case as a sanction pursuant to section 13.01(e).  See Walker v. Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003).  The abuse of discretion standard applies when a trial court has discretion either to grant or deny relief based on its factual determinations.  See Bocquet v. Herring, 972 S.W.2d 19, 20-21 (Tex. 1998).  The standard is especially appropriate when the trial court must weigh competing policy considerations and balance interests in determining whether to grant relief.  See General Tire, Inc. v. Kepple, 970 S.W.2d 520, 526 (Tex. 1998).  Thus, the abuse of discretion standard is typically applied to procedural or other trial management determinations.  See In re Doe, 19 S.W.3d 249, 253 (Tex. 2000).

The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles.  See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

When a trial court's decision does not involve matters of trial management or credibility or demeanor of witnesses, a trial court is not in an appreciably better position than the reviewing court to determine the matter.  In such a situation, the *de novo* standard of review may be appropriate.  See Joe Guerra Exxon Station v. Michelin Tyre Pub. Ltd., 32 S.W.3d 383, 387 n.1 (Tex.App.-San Antonio 2000, no pet.).  Regardless of whether the standard of review is *de novo* or abuse of discretion, however, the result is the same in this matter.

Both the title and body of Rosa's original and amended motions stated that she was seeking a section 13.01(f) extension. Neither motion referenced section 13.01(g) or a grace period authorized by section 13.01(g). Her responses to the motions to dismiss had passing references to both section 13.01(f) and (g) as allowing the trial court to grant relief. Nevertheless, Rosa's responses specifically sought an extension of time as opposed to a grace period, quoted section 13.01(f), and referenced her motion for extension of time which she attached to the responses. The motion for extension of time was not a section 13.01(g) motion.

Dismissal by the trial court under the circumstances was mandatory pursuant to section 13.01(e). See American Transitional Care Ctrs. of Texas v. Palacios, 46 S.W.3d 873 , 880 (Tex. 2001). The trial court followed the mandates of statutory law and Texas Supreme Court precedent. It did not act without reference to any guiding rules and principles, and did not abuse its discretion in granting the health care providers' motions and dismissing the case. See Downer, 701 S.W.2d at 241-42.

Issues one and two are overruled.

### ISSUE THREE: VACATING OF THE ORDER GRANTING AN EXTENSION OF TIME

By her third issue, Rosa contends that the trial court abused its discretion by vacating the March 21, 2002, order granting her motion to extend time to file the expert's c.v. She cites no authority other than a passing reference to TEX. R. CIV. P. 308. Rule 308,

however, deals with a trial court's enforcement of judgments and decrees, and is inapposite.

The issue is inadequately briefed and is waived.  See General Servs. Comm'n. v. Little-Tex Insulation Co., 39 S.W.3d 591, 598 n.1 (Tex. 2001);  Fredonia State Bank v. General Am. Ins. Co., 881 S.W.2d 279, 284-85 (Tex. 1994).

Moreover, the trial court's March 21, 2002 order granting Rosa's original motion for extension of time was signed more than 400 days after Rosa filed her suit.  By its title and its substance, the motion sought an extension of time to file Schaffer's c.v. pursuant to section 13.01(f), and we have previously determined that the trial court did not err in ruling that a section 13.01(g) motion was not filed before the March 28th hearing.

The extension provided for under subsection (f) will extend the deadline for filing expert reports to a maximum of 210 days after the initiation of the suit.  See Knie v. Piskun, 23 S.W.3d 455, 462 (Tex.App.–Amarillo 2000, pet. denied); Broom v. MacMaster, 992 S.W.2d 659, 663 (Tex.App.–Dallas 1999, no pet.).  Thus, even if the trial court abused its discretion by vacating its March 21st order, which we do not decide, the trial court's vacating of its prior order did not harm Rosa because, at the time the March 21st order was signed, Rosa could not have filed the c.v. within the time allowed under section 13.01(f).  See TEX. R. APP. P. 44.1(a).  We do not address the effect of the entry of the order without first conducting a hearing, as required by section 13.01(f).

We overrule issue three.

## ISSUE FOUR:  LACHES

By her fourth issue, Rosa contends that the equitable doctrine of laches barred the trial court's dismissal of her claims.  She urges that the health care providers should have informed her within the 180-day deadline that she had failed to file an adequate expert report.  She references Black's Law Dictionary and two commentaries on remedies, then argues for equitable relief based on general principles of laches.  She cites no statutory or case authority in presenting her argument, nor does she explain her failure to cite such authority.

Parties may make arguments for which there is no authority directly, or closely, on point.  However, we do not view the doctrine of laches as such an undeveloped theory in Texas jurisprudence that advancing the theory without case citations or an explanation for the failure to provide such citations fulfills the appellate briefing requisite of citation to appropriate authority.  See TEX. R. APP. P. 38.1(h); Little-Tex Insulation Co., 39 S.W.3d at 598 n.1; Fredonia State Bank, 881 S.W.2d at 284-85.  We consider the issue waived.

In any event, section 13.01 provides no time limitation for challenging the sufficiency of an expert report.  See Gonzalez v. El Paso Hosp. Dist., 68 S.W.3d 712, 717 (Tex.App.–El Paso 2001, no pet.). We decline to, in effect, judicially add language to the statute.

We overrule issue four.

ISSUE FIVE:  LEGISLATIVE INTENT

Finally, Rosa contends that the dismissal of her claims violates the Legislative intent of the Medical Liability and Insurance Improvement Act.  Her reasoning is that if the trial court had examined Schaffer's report, the court would have found that the report was an expert report which sufficed to show her claim had merit.  Based on such premise, she concludes that the Legislature did not intend for meritorious claims such as hers to be dismissed.

The primary goal of a court in construing a statute is to ascertain and give effect to the Legislature's intent in enacting it.  See In re Canales, 52 S.W.3d 698, 702 (Tex. 2001). The Legislature's intent is determined by examining the language used in the statute within the context of the entire statute.  See Upjohn Co. v. Rylander, 38 S.W.3d 600, 607 (Tex. App.--Austin 2000, pet. denied).  If a statute defines words or phrases contained within the statute, we use the Legislative definition of those words or phrases in construing the statute.  See TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998); Transport Ins. Co. v. Faircloth, 898 S.W.2d 269, 274 (Tex. 1995).  Rules of construction or other aids need not be resorted to in construing a clear and unambiguous statute.  See Upjohn Co., 38 S.W.3d at 607.

The language used by the Legislature in defining "expert report" unambiguously requires the report to be in writing and by an expert.  See section 13.01(r)(6).  The term "expert" is likewise defined in the statute.  See section 13.01(r)(5).  And, the qualifications of the author of an expert report must be established by the report or the attached c.v.

submitted.  See Chisholm v. Mason, 63 S.W.3d 903, 906-07 (Tex.App.–Amarillo 2001, no pet.).  See also In re Windisch, No. 07-04-0018-CV, 2004 Tex.App. LEXIS 4816, at *9-*10 (Tex.App.–Amarillo 2004, no pet.h.).

Rosa's responses to the health care providers' motions to dismiss did not urge that Schaffer's report demonstrated his qualifications as an expert.  Her arguments to the trial court and on appeal, which urge that a reading of the report yields the "conclusion that Plaintiff's claims are meritorious," ignore the requirement that the opinions in the report must be substantiated as those of an expert as defined by statute.

At bottom, Rosa asks us to hold that the Legislature did not intend to require health care claims to be supported by timely-filed opinions of persons whose qualifications as experts are established in accordance with specific provisions of the statute.  See section 13.01(d).  We decline to do so.

We overrule Rosa's fifth issue.

CONCLUSION

We affirm the judgment of the trial court.


Phil Johnson
Chief Justice