Affirmed and Majority and Concurring Opinions filed June 21, 2005









 

Affirmed
and Majority and Concurring Opinions filed June 21, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-98-00166-CV

____________

 

ARLENE SCOTT, Individually and as Representative of
the 

ESTATE OF DORETHEA
SCOTT, Deceased, JERRY SCOTT HUBBARD, JAMES DAVID SCOTT, NORMAN SCOTT, and
ALBERT SCOTT, Appellants

 

V.

 

BEECHNUT MANOR, LIVING CENTERS OF TEXAS, INC., 

LIVING CENTERS OF
AMERICA, INC., VENCARE, INC., 

VENCORE HOSPITALS,
VENCOR, INC., and ROBERT B. TEAGUE, M.D., Appellees

 



 

On Appeal from the 133rd District Court

Harris
County, Texas

Trial Court Cause No. 96-61628

 



 

C O N C U R R I N G  
O P I N I O N

 








The majority=s judgment and analysis are correct.
I write to address the Scotts= arguments regarding section 13.01(g).[1]  Essentially, they urge this court to evaluate
their claimed entitlement to relief under 13.01(f) based on section 13.01(g)
cases.  

Although the title of the Scotts= motion states that it is a section
13.01(f) motion, we review the motion based on its substance rather than simply
looking at its title or label.  See
Surgitek, Bristol-Myers Corp. v. Abel, 997 S.W.2d 598, 601 (Tex.
1999).  However, a careful review of the
Scotts= motion shows that its substance is
consistent with its title.  The pertinent
portions of the motion assert Agood cause@ for an extension under section 13.01(f).  The Scotts do not cite section 13.01(g), and
they do not assert that their failure to timely file the expert reports and
curricula vitae within 180 days was the result of accident or mistake rather
than intentional conduct or conscious indifference.  Finally, although not dispositive, the motion
does not even contain a general prayer; rather, it ends by praying Afor all the relief requested above.@ 
The record shows that the Scotts never sought an extension under section
13.01(g).  See Rosa v. Caldwell,
159 S.W.3d 695, 698B99 (Tex. App.CAmarillo 2004, pet. denied) (holding that substance of motion
to extend time was a section 13.01(f) motion rather than a section 13.01(g)
motion and that trial court did not abuse discretion in denying the section
13.01(f) motion).  And, in their
appellate briefing, the Scotts have never asserted that they sought relief
under section 13.01(g).  Nonetheless,
both at oral argument and in supplemental appellate briefing, the Scotts have
argued that, even though they did not seek an extension under section 13.01(g),
this court should use section 13.01(g) cases in determining whether the trial
court abused its discretion in denying an extension under section 13.01(f). 

The Scotts appear to be arguing that Agood cause@ under section 13.01(f) means Aaccident or mistake@ and the Alack of  intent or conscious indifference,@ which is the legal standard under
section 13.01(g).  The Scotts arguments
contradict the plain meaning of section 13.01. 














Under section 13.01(f), the trial
court Amay, for good cause shown . . .
extend any time period specified in Subsection (d) of this section for an
additional 30 days.@  See Act of May
5, 1995, 74th Leg., R.S., ch. 140, ' 1, 1995 Tex. Gen. Laws 985, 985B87, repealed by Act of June 2,
2003, 78th Leg., R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847,
887.  Based on the plain meaning of the statutory
language, an extension under section 13.01(f) is discretionary rather than
mandatory.  See James v. Brothers,
2005 WL 713671, at *2B3 (Tex. App.CDallas Mar. 30, 2005, no pet. h.) (mem. op.) (stating that
even if a movant has shown good cause, the trial court still has discretion to
deny a motion for extension under section 13.01(f)).  Section 13.01(g) provides that if the trial
court Afinds that the failure of the
claimant or the claimant=s attorney was not intentional or the result of conscious
indifference but was the result of an accident or mistake, the court shall
grant a grace period of 30 days to permit the claimant to comply with that
subsection.@ 
See Act of May 5, 1995, 74th Leg., R.S., ch. 140, ' 1, 1995 Tex. Gen. Laws 985, 985B87, repealed by Act of June 2,
2003, 78th Leg., R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847,
887.  Under section 13.01(g), the
granting of a 30-day grace period is mandatory upon a finding that the failure
to comply was the result of accident or mistake.  Walker v. Gutierrez, 111 S.W.3d 56, 62B63 (Tex. 2003).             Although
a trial court has the discretion to find good cause and grant an extension
under section 13.01(f) based on facts that also would constitute accident or
mistake under section 13.01(g), this does not mean that the analysis under
these two statutory provisions is the same. 
See James, 2005 WL 713671, at *2B4 (holding that analysis under
section 13.01(g) is not the same as the analysis under section 13.01(f) and
that the existence of accident or mistake is irrelevant because appellants
moved for relief only under section 13.01(f)). 
Even if the Scotts had proven accident or mistake[2],
that would not have mandated an extension under section 13.01(f).  See id. at *4 .  To hold otherwise would be contrary to the
plain meaning of language enacted by the Texas Legislature.  See id. at *2B4. 
Accordingly, the  Scotts are
incorrect in suggesting that the analysis under section 13.01(f) is the same as
the analysis under section 13.01(g).

 

 

 

 

 

/s/        Kem
Thompson Frost

Justice

 

Judgment
rendered and Majority and Concurring Opinions filed June 21, 2005.

 

Panel
consists of Justices Anderson, Hudson, and Frost.  (Hudson, J., majority.)

 

 

 











[1]  Section 13.01
of the Act was formerly found at Tex.
Rev. Civ. Stat. Ann. art. 4590i, '
13.01.  See Act of May 5, 1995,
74th Leg., R.S., ch. 140, ' 1, 1995 Tex. Gen. Laws 985, 985B87, repealed by Act of June 2, 2003, 78th Leg.,
R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847, 887 (current version
found at Tex. Civ. Prac. & Rem. Code
Ann. ' 74.351 (Vernon Supp. 2004B05)).  The
former statute continues in effect for cases filed before September 1,
2003.  Because this case was filed in
1996, the former statuteCTex. Rev. Civ.
Stat. Ann. art. 4590iCis applicable and all references are to the former statute.






[2]  It should be
noted that, even if the issue were relevant, the record shows that the trial
court would not have erred in finding intent or conscious indifference rather
than accident or mistake.